FILED
CLERK, U.S. DISTRICT COURT
9/26/23
CENTRAL DISTRICT OF CALIFORNIA
BY: V. Figueroa DEPUTY

Narine Mkrtchyan, Esq. (SBN 243269)
MKRTCHYAN LAW
P.O. BOX 2288
Toluca Lake, CA 91610
Telephone No. (818) 388-7022
Email: narine57@gmail.com

Attorneys for Plaintiff
**ANOUSH BURMAYAN**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANOUSH BURMAYAN,<br><br>Plaintiff,<br><br>vs.<br><br>GARFIELD BEACH CVS, LLC., a corporation doing business in California, GUY GARCIA, an individual, JOE JOHNSON, an individual; CITY OF GLENDALE, Officer JAMES ROSS #22471, individually and as a peace officer, Officer GRIFFIN ARMENDARIZ #27999, individually and as a peace officer, and DOES 1-10,<br><br>Defendants. | Case No: 2:23-cv-01788 FMO-AGR<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Bane Civil Rights Act (Ca Civ. Code 52.1)<br>2. Unruh Civil Rights Act (Ca Civ. Code 51)<br>3. Violation of Civil Rights (42 U.S.C. §1983)<br>4. Monell Claim (42 U.S.C. §1983)<br>5. Violation of Civil Rights (42 U.S.C. 1981)<br>6. Violation of the Americans with Disabilities Act, Title II, 42 U.S.C. 12132 |

## JURISDICTION

1. This action at law for money damages arises under the laws of the State of California, California Civil Code, California Constitution, laws of the United

States of America, Title 42 U.S.C. Section 1983, Title 42 U.S.C. Section 1981, Title 42 U.S.C. Section 12132 and the United States Constitution, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourth, and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2. At all times herein mentioned, Plaintiff ANOUSH BURMAYAN was a resident of the City of Glendale, County of Los Angeles, State of California. At all times herein mentioned, Plaintiff is and was a physically disabled person as defined under the Americans with Disabilities Act, (A.D.A.) 42 U.S.C. 12131, et seq.

3. At all times herein mentioned, Defendants GUY GARCIA and JOE JOHNSON and DOES 1-10, individuals, were and are residents of the Los Angeles County, State of California, employees of GARFIELD BEACH CVS, and acting within the scope and course of their employment.

4. At all times herein mentioned, Defendant GARFIELD BEACH CVS (hereinafter CVS) is a corporation authorized and systematically conducting business in Los Angeles County, State of California, with a place of business located at 3943 San Fernando Rd., City of Glendale, and is liable under respondeat superior for the acts/omissions of its employees acting within the course and scope of their duties.

5. At all times herein mentioned, Defendants JAMES ROSS #22471 and GRIFFIN ARMENDARIZ #27999 and DOES 1-10, were employees of the CITY OF GLENDALE, and assigned to the Glendale Police Department, department in the City of Glendale, Los Angeles County, State of California, acting within the scope and course of their employment under color of state law.

6. Defendant CITY OF GLENDALE (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated city duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Glendale Police Department, and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, the use and deployment of dangerous weapons, the use of force, and powers of arrest by its rank and file.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiff, who therefore sues said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure Section 484.

8. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## FACTUAL BACKGROUND

9. The relevant facts began on or about January 13, 2021, when Plaintiff, a 47-year-old female of Armenian national origin, ANOUSH BURMAYAN, visited a CVS Pharmacy located at 3943 San Fernando Road, Glendale, California, to purchase medication related to her pre-existing medical condition of irritable bowel

syndrome and disability, including anxiety, panic attacks. Due to a disability and difficulty of breathing, BURMAYAN wore a face mask covering only her mouth.

10. When BURMAYAN shopped for her medication, GUY GARCIA demanded her to raise her mask. In response, BURMAYAN explained that she did not have any prior incidents or complaints related to wearing her face mask as such and she had a medical condition that made it difficult for her to breathe with a face mask. She explained that she was a frequent customer at the store. GARCIA proceeded to physically follow her from aisle to aisle and demanded that she raise her mask. After BURMAYAN explained to GARCIA that she was not feeling well and asked him to leave her alone, GARCIA continued to chase and shout at her.

11. As GARCIA was following and screaming at BURMAYAN, she experienced increased anxiety, sharp pains in her upper abdomen, and difficulty breathing. She feared she would experience a panic attack and vomit from her pre-existing medical conditions and disability. She suffered increased heart palpitations, sweating, and mouth dryness.

12. BURMAYAN intended to check out her medication and leave the store as quickly as possible. However, GARCIA refused to check out BURMAYAN until she pulled the face mask over her nose. Despite BURMAYAN explaining to GARCIA her medical conditions and not feeling well, he did not allow her to purchase her items. BURMAYAN needed to buy her medication and leave quickly. She did not want to cause a scene and felt embarrassed and demeaned. Because GARCIA refused to service BURMAYAN, she purchased her medication at self-checkout and left the store. Her anxiety symptoms, heart palpitations, and side effects of her medical condition worsened.

13. After this incident, BURMAYAN was emotionally overwhelmed and feared she would get into a vehicular accident. She worried about her driving abilities because of difficulty concentrating and a worsening emotional condition. In

the next few days, she experienced instructive recollections of the incident, difficulty sleeping, and anxieties due to her deteriorating physiological state from this event.

14. Because she needed more medication, BURMAYAN visited the same CVS store the following week on January 19, 2021. She wore a mask over her nose to avoid the prior week's harassment. She requested to speak to the manager to explain her medical condition with disability and the past week's incident; however, GARCIA ignored her and directed JOHNSON also to ignore her pleadings while, unbeknownst to her, they called the police. BURMAYAN felt humiliated. She experienced increased anxiety and heart palpitations. She took out her cell phone to take pictures and left the store after spending less than ten minutes inside.

15. As she was exiting the store, Officers JAMES ROSS and GRIFFIN ARMENDARIZ approached BURMAYAN. ROSS asked her, "What's going on here?" BURMAYAN attempted to explain the incidents and the maltreatment she experienced at the CVS store. She also attempted to explain she had a medical disability that was not being accommodated by the CVS employees. Amid her explanation and without letting her finish, ROSS rudely interrupted and commanded BURMAYAN to put her hands behind her back and proceeded to place handcuffs on her by forcefully pushing her outside to the patrol car. He then patted her down, confiscated her phone with her wallet, and placed her in the back of the patrol vehicle by telling her she was under arrest. BURMAYAN was shocked because ROSS and ARMENDARIZ did not properly investigate the circumstances and placed her under arrest based on false accusations by the CVS employees.

16. Even after multiple requests for an explanation, ROSS and ARMENDARIZ refused to tell BURMAYAN the cause of her arrest. She was told she would be spending the night in jail and would be released on bail. BURMAYAN experienced a panic attack as she sat in the patrol car for an indefinite

period of time, which to her felt like forever. She was paralyzed in fear of the officers injuring or killing her and was screaming she could not breathe, asking them to release her. ROSS, as a male officer, touched and searched BURMAYAN's body, which made BURMAYAN feel violated. Triggering her anxiety further, BURMAYAN felt claustrophobic in the police car with the windows rolled up. She experienced heart palpitations, sweating, and yelled for help. She believed that she would die from difficulty breathing, and experienced pain where ROSS handcuffed her wrists tightly. While present at all times and able, Officer ARMENDARIZ failed to intervene in the unlawful arrest and detention, did not do anything to alleviate BURMAYAN's fragile medical condition, remove handcuffs or release her from the car.

17. Seated in the car for an indefinite period of time which lasted at least 30-45 minutes, ROSS returned, removed BURMAYAN from the car, and told her he would be giving her a citation for trespassing with a notice to appear. BURMAYAN did not want to sign the citation because she did not believe she had trespassed. ROSS told BURMAYAN that the only way to avoid jail and remove her handcuffs was by signing the citation. Bullying and oppressing BURMAYAN, Officers ROSS and ARMENDARIZ ridiculed her name and ethnicity. BURMAYAN felt coerced and intimidated into signing the citation—she was not released until she signed the citation. BURMAYAN felt embarrassed and humiliated from being treated like a criminal.

18. After this incident, BURMAYAN struggled to drive home. She felt fearful, humiliated, and upset. That night, she experienced physical symptoms of post-traumatic stress, vomiting, and diarrhea. She suffered heart palpitations, sweating sensations, shortness of breath, intrusive recollections, and pain in her wrists, which hurt for weeks. In the following weeks, she experienced cognitive difficulties, reoccurring nightmares, panic attacks, difficulty sleeping, and persistent

instructive recollections of the incidents at the CVS store and her arrest. As a result, her depression worsened to the point that she experienced suicidal ideations.

19. Subsequently, she was referred to the Los Angeles County District Attorney's Office for a prosecution and filing of the criminal case, causing her a great deal of emotional distress and mental anguish. She underwent an administrative hearing where she was told she had to take classes with the prospect of filing criminal charges against her. She refused to take any classes insisting on her innocence. The District Attorney's Office rejected filing of the case despite the purported investigation and police report authored by Officers ROSS and ARMENDARIZ.

20. In ongoing pain and anguish, she has avoided all CVS pharmacy locations in Los Angeles County and has not visited the local store since then. She gets anxiety attacks at the sight of police officers.

21. She filed a citizen complaint against the involved police officers to the CITY. The Internal Affairs investigator Sergeant Peter Robinson from Glendale Police Department contacted and interviewed her, accused her of dishonesty and exonerated the officers of any wrongdoing. To date, the CITY has not taken any action to discipline the involved officers thereby condoning and approving their actions in all respect.

## FIRST CAUSE OF ACTION

**(VIOLATION OF BANE CIVIL RIGHTS ACT, CA CIVIL CODE 52.1) (By Plaintiff Against Defendants CVS with its employees, GUY GARCIA and JOE JOHNSON)**

22. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 20 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

23. On or about the above stated dates, and sometime prior thereto, Defendants and each of them by way of threats, force, coercion and intimidation, violated Plaintiff's civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Sections 51.7 and 52.1(a)(b).

24. Plaintiff’s right to be free of unreasonable search and seizure was guaranteed by the Fourth Amendment to the United States Constitution and Article 1, Section 13 of the California Constitution. Defendants conspired and colluded with the defendants Officers ROSS and ARMENDARIZ to violate this right by providing false accusations and causing her arrest.

25. Plaintiff was also guaranteed the statutory right to bodily integrity under California Civil Code § 43.

26. Plaintiff’s right to freedom of expression and speech was guaranteed by the First Amendment to the United States Constitution and Article 1, Section 2 of the California Constitution.

27. As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damage in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 52 and 52.1.

28. The acts of the individual defendants were malicious, fraudulent, oppressive or done with reckless and conscious disregard for the rights and feelings of Plaintiffs, and merit the imposition of punitive and exemplary damages to punish and make an example of said individual defendants.

## SECOND CAUSE OF ACTION

**(VIOLATION OF CIVIL RIGHTS- UNRUH ACT, CA CIVIL CODE 51) (by Plaintiff Against Defendants CVS with its employees, GUY GARCIA and JOE JOHNSON)**

29. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 27 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

30. The treatment and denial of reasonable accommodations to Plaintiff by Defendant CVS and its employees was motivated by Plaintiff's minority status as an Armenian and her disability with medical condition in violation of the Title III Americans with Disabilities Act, 42 U.S.C.S. 12182 (a). Defendants violated Plaintiff's rights as a disabled individual by refusing to accommodate her request for partial face mask coverage due to her medical disability and breathing problems, and further discriminated against her by calling the police and making false accusations against her. A violation of any rights under the ADA claim is a per se violation of the Unruh Act. Defendants' GARCIA and JOHNSON, Does 1-10's prejudice against Plaintiffs' ethnic or national origin status and her medical disability, characteristics listed in Civil Code § 51 was a prohibited basis for unequal treatment under Civil Code § 51.7 and a substantial factor in their coercion, intimidation and threats of imprisonment which violated Plaintiff's constitutional and statutory rights to freedom of speech, right to reasonable accommodations as a disabled individual, to be free of unreasonable seizure and bodily integrity protected by the Fourth Amendment and California Civil Code § 43.

31. Said violation(s) of the Unruh Act were a substantial factor in causing injury, damage and harm to Plaintiff in an amount to be shown according to proof.

32. Plaintiff suffered injury, damage and harm according to proof.

33. Plaintiff claims all statutory and common law remedies for said violations.

## THIRD CAUSE OF ACTION

**(VIOLATION OF CIVIL RIGHTS –FALSE ARREST, IMPRISONMENT, EXCESSIVE FORCE, CONSPIRACY- 42 U.S.C. § 1983) (By Plaintiff Against Defendants Officers JAMES ROSS and GRIFFIN ARMENDARIZ)**

34. Plaintiff refers to and re-pleads each and every allegation contained in paragraphs 1 through 33 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

35. This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes and by the Fourth, and Fourteenth Amendments of the United States Constitution.

36. Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants ROSS and ARMENDARIZ, and DOES 1-10, inclusive and each of them, intentionally and maliciously deprived Plaintiff of rights secured to her by the Fourth, and Fourteenth Amendments to the United States Constitution in that Defendants and each of them, subjected Plaintiff to unlawful arrest, imprisonment without proper investigation into facts as required by law, unlawful and excessive force, unequal and disparate treatment.

37. Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of her rights by participating in a corrupt effort to illegally seize, book, and fraudulently convict Plaintiff on false charges manufactured and supported by defendants. Defendants, and each of them, failed to intercede in the unlawful actions of other defendants when they were present and had the opportunity to do so.

38. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to her nervous system, fear, anxiety, torment, degradation and emotional distress.

39. In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to her usual occupations, and has suffered loss and impairment of earnings and employment opportunities all to her damage in an amount as proved.

40. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

41. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in an amount as proved.

**FOURTH CAUSE OF ACTION**

**(UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983) (By Plaintiff Against Defendant CITY)**

42. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 41 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

43. Defendant CITY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned,

Defendant CITY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Glendale Police Department (GPD) and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

44. At all times herein mentioned, Defendants, and each of them, were employees acting under the CITY'S direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment and retention of persons as peace officers who have demonstrated their dishonesty, bigotry, and numerous other serious abuses of their powers as peace officers in the employment of the CITY and GPD.

45. Defendant CITY knowingly maintains and permits official sub-rosa policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and fabrication, each ratified and approved by CITY and GPD.

46. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by Defendants CITY and GPD include, but are not limited to:

(a) Defendant CITY and GPD had knowledge, prior to and since this incident, of repeated allegations of prevarication and dishonesty;

(b) Specifically, CITY and GPD knew Defendant Officers ROSS and ARMENDARIZ and DOES 1-10, inclusive and each

of them, had in the past committed acts of flawed investigations, dishonesty, disparate and malicious treatment of people with Armenian national origin, had failed to provide reasonable accommodations to disabled individuals;

(c) Defendant CITY and GPD had knowledge, prior to and since this incident, of similar allegations of falsification, abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to ensure the rights of detainees and arrestees;

(d) Defendant CITY and GPD refused to adequately discipline individual officers and employees found to have committed similar acts of falsification and misconduct;

(e) Defendant CITY and GPD refused to competently and impartially investigate allegations of falsification and misconduct alleged to have been committed by its officers;

(f) Defendant CITY and GPD reprimanded, threatened, intimidated, demoted and fired officers who reported acts of falsification, abuse and dishonesty by other officers;

(g) Defendant CITY and GPD covered up acts of misconduct and falsification by its officers and sanctioned a code of silence by and among officers;

(h) Defendant CITY and GPD condoned and participated in the practice of prosecuting known groundless criminal charges for the purpose of insulating the CITY and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for release from civil liability;

(i) Defendant CITY and GPD condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(j) Defendant CITY and GPD engaged in the practice and custom of failure to train and supervise their officers regarding treatment of mentally and physically disabled individuals, provision of reasonable accommodations to such individuals under their care, custody or control in violation of law and the Constitution.

(k) Defendant CITY and GPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by January 19, 2021, and thereafter, represented the unconstitutional policies, practices and customs of the CITY and GPD.

By reason of the aforesaid policies, customs, practices and usages, Plaintiff's rights under the Fourth, and Fourteenth Amendments to the United States Constitution were deprived.

## FIFTH CAUSE OF ACTION

**(EQUAL RIGHTS UNDER THE LAW UNDER SECTION 1981—By Plaintiff Against All Defendants)**

47. Plaintiff refers and re-pleads each and every allegation contained in paragraphs 1 through 46 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

48. This action at law for money damages arises under Title 42 U.S.C. § 1981 and the United States Constitution, the laws of the State of California and

common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes.

49. Commencing at or about the aforementioned date and place, without cause or justification, Defendants ROSS, ARMENDARIZ, GUY GARCIA, JOE JOHNSON and DOES 1-10, inclusive and each of them, intentionally and maliciously deprived Plaintiff of equal rights under the law secured to her by the United States Constitution, California Constitution, in that Defendants and each of them, subjected Plaintiff to disparate and unequal treatment, discrimination, humiliation, embarrassment and degradation.

50. Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of her rights by participating in a corrupt effort to illegally seize, book, and fraudulently convict Plaintiff on false charges manufactured and supported by defendants.

51. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to her nervous system, fear, anxiety, torment, degradation and emotional distress.

52. In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to her usual occupations, and has suffered loss and impairment of earnings and employment opportunities all to her damage in an amount as proved.

53. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

54. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully and maliciously, with the intent to harm,

injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in an amount as proved.

## SIXTH CAUSE OF ACTION

**(VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. 12132-- by Plaintiff against Defendant CITY)**

55. Plaintiff refers and re-pleads each and every allegation contained in paragraphs 1 through 54 of this complaint, and by this reference incorporate the same herein and make each a part hereof.

56. Defendants CITY, Does 1-10 were public entities within the meaning of 42 U.S.C. 12131(b) *Pennsylvania Dep't of Corrections v. Yeskey* (1998) 524 U.S. 206.

57. At all times herein mentioned, Plaintiff is and was a physically disabled person as defined under the Americans with Disabilities Act, (A.D.A.) 42 U.S.C. 12131, et seq.

58. Commencing at or about the aforementioned date and place, without cause or justification, Defendants ROSS, ARMENDARIZ, and DOES 1-10, inclusive and each of them, intentionally and maliciously deprived Plaintiff of reasonable accommodations as a disabled individual and wrongfully arrested her with actual/constructive knowledge she was disabled by placing her in a patrol car in a prolonged detention with a face mask, without regard to her medical disability and inability to breathe, in that Defendants and each of them, subjected Plaintiff to pain and suffering, humiliation, embarrassment and degradation.

59. Defendant CITY failed to train, supervise and discipline its employees, Defendants ROSS, ARMENDARIZ, and DOES 1-10 in treatment of disabled individuals, provision of reasonable accommodations and medical care, in

recognizing symptoms of anxiety, panic attacks, agoraphobia, claustrophobia or similar neurological disorders and disabilities affecting one's breathing under Title II of the Americans With Disabilities Act and from otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities Act, resulting in the use of excessive force, prolonged detention and wrongful arrest against Plaintiff, during the course of the subject incident.

60. In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to her usual occupations, and has suffered loss and impairment of earnings and employment opportunities all to her damage in an amount as proved.

61. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorney's fees.

62. Plaintiff claims all statutory and common law remedies for said violations, including attorney's fees and costs.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;
2. For Special damages according to proof;
3. For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;
4. For attorney's fees pursuant to 42 U.S.C § 1988, 42 U.S.C. 12205 and

California Civil Code §§52, and 52.1; and

5. For Costs of suit;

6. For such other and further relief as the Court may deem proper.

DATED: September 25, 2023 **MKRTCHYAN LAW**

_____/s/______________________________

By: NARINE MKRTCHYAN
Attorneys for Plaintiff
**ANOUSH BURMAYAN**

## PLAINTIFF'S JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

DATED: September 25, 2023

MKRTCHYAN LAW

_______/s/___________________________

By: Narine Mkrtchyan

Attorneys for Plaintiff