# EXHIBIT A

viaOne client training sessions - June 2023

**Claim Info**

| | | | | | |
|---|---|---|---|---|---|
| **Claim #** | 402105D0G54-0001 | **Claimant** | Burmayan Anoush | **Loss Date** | 1/19/2021 |
| **Examiner** | Michael Amalfitano | **Type** | GL - PI | **Exam Office** | 316 - Cumberland, RI - CVS |
| **Status** | Open - Pending | **Vendor ID** | MGA | **Proc Office** | 316 - Cumberland, RI - CVS |
| **Date Closed** | | **Date Opened** | 5/24/2021 | **Last Action Date** | 2/28/2023 |
| **Date Reopen** | 9/01/2022 | **AU Drvr Name** | | **Date Created** | 5/21/2021 |

Expand All

Note Level Filter **[All]** +

General Search Filters +

Note Type Filter +

Created By Filter +

Select one

Redacted

| | | | | | |
|---|---|---|---|---|---|
| 3/17/2023 | MAMALFIT | MAMALFIT | Claim | EX - Examiner | |

Case being transferred to Legal and closing Risk file

From: Gurecki, Lisa J <Lisa.Gurecki@CVSHealth.com>
Sent: Thursday, March 16, 2023 10:53 AM
To: Amalfitano, Michael A <Michael.Amalfitano@CVSHealth.com>
Subject: FW: Burmayan

Hi Mike, Once bills are paid for Marissa's work (which is minimal) note the file that Legal is handling and you can close out. Thanks!

Lisa Gurecki
Sr. Manager, Litigated Claims - Risk Management, CVS Health
Cell 978-302-0631

Redacted

Redacted

| | | | | | |
|---|---|---|---|---|---|
| 3/9/2023 | MAMALFIT | MAMALFIT | Claim | EX - Examiner | |

Redacted

Redacted

Redacted

[redacted]

| | | | | | |
|---|---|---|---|---|---|
| 3/9/2023 | MAMALFIT | MAMALFIT | Claim | LG - Legal | |

CASE CHANGES
Suit Date : Unknown -> 02/07/2023
Client Notify : Unknown -> 02/07/2023
Answer Date : Unknown -> 03/09/2023
Court : -> USDC Central District of California - Western Division

| | | | | | |
|---|---|---|---|---|---|
| 3/6/2023 | MAMALFIT | MAMALFIT | Claim | EX - Examiner | |

[redacted]

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Monday, March 6, 2023 12:30 PM
To: Amalfitano, Michael A <Michael.Amalfitano@CVSHealth.com>
Cc: Moreno, Eric J <Eric.Moreno@CVSHealth.com>
Subject: FW: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021
Importance: High

Good morning Mike, FYI on a file recently assigned to you.

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health
p 401-770-3037
1 CVS Drive, Mail Code 2180, Woonsocket, RI 02895

CONFIDENTIALITY NOTICE: This communication and any attachments may contain confidential and/or privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately by email or telephone and destroy all copies of this communication and any attachments.

From: Tucci, Marti <Marti.Tucci@sedgwick.com>
Sent: Monday, March 06, 2023 11:00 AM
To: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Subject: [EXTERNAL] FW: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

**** External Email - Use Caution ****

Good Morning Deanna!

This just came in from the Attorney.

Thanks and have a great week!

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts®

From: Narine Mkrtchyan <narine56@msn.com>
Sent: Monday, March 6, 2023 8:51 AM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi, Marti. Hope you are well.
Your clients have not answered the complaint in our case. One of the employees Joe Johnson was served on February 1, which made his answer due on Friday, March 3.
Please, advise if noone answers on his behalf by tomorrow, I will seek default as to him.
See attached proofs of service.
Thanks.

Narine Mkrtchyan
Attorney at Law
MKRTCHYAN LAW
Tel: (818) 388-7022
Web:www.narinelaw.com

This is a communication between an attorney's office & client, & is protected by the attorney client privilege &/or is the result of research performed at the request of an attorney & is protected by the attorney work product privilege. Sending an e-mail to an attorney will not establish an attorney/client relationship. Such a relationship is not typically established until an attorney knows that so doing will not create a conflict of interest and mutual agreement is reached on the terms of representation.
The information contained in this email is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. This e-mail and any attachments are covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, are confidential, privileged and not to be read or disclosed to anyone other than the intended recipient. If you are not the intended recipient or an agent responsible to deliver it to the intended recipient, disclosure, dissemination, copying or other use of the contents of this e-mail is prohibited.

From: Tucci, Marti <Marti.Tucci@sedgwick.com>
Sent: Thursday, February 23, 2023 6:36 AM

To: Narine Mkrtchyan <narine56@msn.com>
Subject: RE: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

Good Morning Narine,

Thanks and I will look out for it.

Have a great day,

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts®

From: Narine Mkrtchyan <narine56@msn.com>
Sent: Wednesday, February 22, 2023 7:01 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi, Marti. Sure, I will forward you one as soon as I can get it ready. Thanks.

Narine Mkrtchyan
Attorney at Law
MKRTCHYAN LAW
Tel: (818) 388-7022
Web:www.narinelaw.com

This is a communication between an attorney's office & client, & is protected by the attorney client privilege &/or is the result of research performed at the request of an attorney & is protected by the attorney work product privilege. Sending an e-mail to an attorney will not establish an attorney/client relationship. Such a relationship is not typically established until an attorney knows that so doing will not create a conflict of interest and mutual agreement is reached on the terms of representation.
The information contained in this email is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. This e-mail and any attachments are covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, are confidential, privileged and not to be read or disclosed to anyone other than the intended recipient. If you are not the intended recipient or an agent responsible to deliver it to the intended recipient, disclosure, dissemination, copying or other use of the contents of this e-mail is prohibited.

From: Tucci, Marti <Marti.Tucci@sedgwick.com>
Sent: Tuesday, February 21, 2023 1:34 PM
To: attorney narinelaw.com <attorney@narinelaw.com>
Subject: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

Good Afternoon Narine,

Can you forward me a demand for Ms. Burmayan?

Thanks and have a great day,

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts®

Any personal data acquired, processed or shared by us will be lawfully processed in line with applicable data protection legislation. If you have any questions regarding how we process personal data refer to our Privacy Notice. Any communication including this email and files/attachments transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. If this message has been sent to you in error, you must not copy, distribute or disclose of the information it contains and you must notify us immediately (contact is within the privacy policy) and delete the message from your system.

Any personal data acquired, processed or shared by us will be lawfully processed in line with applicable data protection legislation. If you have any questions regarding how we process personal data refer to our Privacy Notice. Any communication including this email and files/attachments transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. If this message has been sent to you in error, you must not copy, distribute or disclose of the information it cont ains and you must notify us immediately (contact is within the privacy policy) and delete the message from your system.

Any personal data acquired, processed or shared by us will be lawfully processed in line with applicable data protection legislation. If you have any questions regarding how we process personal data refer to our Privacy Notice. Any communication including this email and files/attachments transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. If this message has been sent to you in error, you must not copy, distribute or disclose of the information it contains and you must notify us immediately (contact is within the privacy policy) and delete the message from your system.

| | | | | | |
|---|---|---|---|---|---|
| 3/6/2023 | MAMALFIT | MAMALFIT | Claim | EX - Examiner | |

[redacted]

Redacted

Redacted

| | | | | | |
|---|---|---|---|---|---|
| 3/6/2023 | MAMALFIT | MAMALFIT | Claim | EX - Examiner | |

Redacted

Redacted

| | | | | | |
|---|---|---|---|---|---|
| 3/6/2023 | SCOTTDEA | SCOTTDEA | Claim | ND - Client Note with No Examiner Diary | |

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Monday, March 06, 2023 12:30 PM
To: Amalfitano, Michael A <Michael.Amalfitano@CVSHealth.com>
Cc: Moreno, Eric J <Eric.Moreno@CVSHealth.com>
Subject: FW: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021
Importance: High

Good morning Mike, FYI on a file recently assigned to you.

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health
p 401-770-3037
1 CVS Drive, Mail Code 2180, Woonsocket, RI 02895

CONFIDENTIALITY NOTICE: This communication and any attachments may contain confidential and/or privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately by email or telephone and destroy all copies of this communication and any attachments.

From: Tucci, Marti <Marti.Tucci@sedgwick.com>
Sent: Monday, March 06, 2023 11:00 AM
To: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Subject: [EXTERNAL] FW: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

**** External Email - Use Caution ****

---

Good Morning Deanna!

This just came in from the Attorney.

Thanks and have a great week!

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts®

From: Narine Mkrtchyan <narine56@msn.com>
Sent: Monday, March 6, 2023 8:51 AM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Hi, Marti. Hope you are well.
Your clients have not answered the complaint in our case. One of the employees Joe Johnson was served on February 1, which made his answer due on Friday, March 3.
Please, advise if noone answers on his behalf by tomorrow, I will seek default as to him.
See attached proofs of service.
Thanks.

Narine Mkrtchyan
Attorney at Law
MKRTCHYAN LAW Created by (SCOTTDEA) Scott, Deanna (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 3/3/2023 | KSYLVIAM | KSYLVIAM | Claim | LG - Legal | |

Redacted



CVS-00002350

| | | | | | |
|---|---|---|---|---|---|
| 3/3/2023 | KSYLVIAM | KSYLVIAM | Claim | LG - Legal | |

[redacted]

Redacted

Redacted

Redacted

| | | | | | |
|---|---|---|---|---|---|
| 3/1/2023 | SCOTTDEA | SCOTTDEA | Claim | ND - Client Note with No Examiner Diary | |

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Wednesday, March 01, 2023 12:18 PM
To: Atalaryan, Lucy L <Lucy.Atalaryan@CVSHealth.com>; Payne, Melissa <Melissa.Payne@CVSHealth.com>; Amalfitano, Michael A <Michael.Amalfitano@CVSHealth.com>
Cc: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Subject: RE: Complaint Filed - Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush Store 9787
Importance: High

Good morning Melissa, as this matter has now been assigned to our litigation examiner @Amalfitano, Michael A , kindly share with him the details you have on this matter.

Going forward, please move me to blind cc.

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health
p 401-770-3037
1 CVS Drive, Mail Code 2180, Woonsocket, RI 02895

CONFIDENTIALITY NOTICE: This communication and any attachments may contain confidential and/or privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately by email or telephone and destroy all copies of this communication and any attachments.

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Friday, February 24, 2023 12:44 PM
To: Atalaryan, Lucy L <Lucy.Atalaryan@CVSHealth.com>; Payne, Melissa <Melissa.Payne@CVSHealth.com>
Cc: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Subject: RE: Complaint Filed - Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush Store 9787

Importance: High

Good morning Melissa, just wanted to follow up with you on any information regarding this matter.

Thank you!
Deanna

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health
p 401-770-3037
1 CVS Drive, Mail Code 2180, Woonsocket, RI 02895

CONFIDENTIALITY NOTICE: This communication and any attachments may contain confidential and/or privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately by email or telephone and destroy all copies of this communication and any attachments.

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Monday, February 20, 2023 9:21 AM
To: Atalaryan, Lucy L <Lucy.Atalaryan@CVSHealth.com>; Payne, Melissa <Melissa.Payne@CVSHealth.com>
Cc: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Subject: RE: Complaint Filed - Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush Store 9787

Thank you Lucy!

Morning Melissa, please share the complaint documents to assist in verifying time of service and what your investigation out come is in regards to the employees actions.

Thanks you!
Deanna

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health
p 401-770-3037
1 CVS Drive, Mail Code 2180, Woonsocket, RI 02895

CONFIDENTIALITY NOTICE: This communication and any attachments may contain confidential and/or privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately by email or telephone and destroy all copies of this communication and any attachments.

From: Atalaryan, Lucy L <Lucy.Atalaryan@CVSHealth.com>
Sent: Monday, February 20, 2023 9:15 AM
To: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>; Payne, Melissa <Melissa.Payne@CVSHealth.com>
Cc: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Subject: Re: Complaint Filed - Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush Store 9787

Hi Deanna,

I have cc'd Melissa- who is handling the matter.

Thanks,
Lucy

---

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Monday, February 20, 2023 6:12:12 AM
To: Atalaryan, Lucy L <Lucy.Atalaryan@CVSHealth.com>
Cc: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Subject: Complaint Filed - Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush Store 9787

Good morning Lucy, hope your Monday is off to a good start!

Our examiner recently shared that the attorney for the claimant filed a complaint on the above noted matter. I am following up with you as it is understood from the store manager he had forwarded the attached documents to you. Kindly forward those documents to my attention at please confirm the date the store was served.

Thanks so much for your help Lucy, much appreciated!

Deanna

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health
p 401-770-3037
1 CVS Drive, Mail Code 2180, Woonsocket, RI 02895

CONFIDENTIALITY NOTICE: This communication and any attachments may contain confidential and/or privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately by email or telephone and destroy all copies of this communication and any attachments. Created by (SCOTTDEA) Scott, Deanna (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 2/28/2023 | LGURECKI | MAMALFIT | Claim | LG - Legal | |

CASE CHANGES
In Litigation : no -> yes
In Litigation Date : Unknown -> 02/28/2023

| | | | | | |
|---|---|---|---|---|---|
| 2/24/2023 | TASKOVB | TASKOVB | Claim | CN - Client Contact | |

Suit Transfer Template

Case# 23STCV00328
Plaintiff: Burmayan, Anoush

State/Venue and County: CA / Glendale / LOS ANGELES
SOL: 01/18/2023

Extension: No
Date Answer due: within 30 days after service - per store received on 2/06/23
Local Defense Counsel, if assigned:

Incident: Detained for Violating Trespass Order

Liability: Questionable

Evaluation: No - Demand Sent 2/24/2023
Recorded Statements: No

Current reserves: $0

Demand/Offer: $500,000.00 / None

Reason for Transfer/Suit Filing: Complaint Filed, Demand not workable

| | | | | | |
|---|---|---|---|---|---|
| 2/24/2023 | SCOTTDEA | SCOTTDEA | Claim | ND - Client Note with No Examiner Diary | |

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Friday, February 24, 2023 12:51 PM
To: Marti.Tucci@sedgwick.com
Cc: 'bonnie.taskov@sedgwick.com' <bonnie.taskov@sedgwick.com>; Riley, Bill <Bill.Riley@Sedgwick.com>
Subject: FW: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

Hi Marti, thank you. As this is not a workable/reasonable demand ($500K) and no supports for said demand, please have the suit referral completed, all Sedgwick diaries deleted, and file returned to our office 316 under Lisa G. for reassignment to our litigation team for continued handling.

Thank you!
Deanna

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health
p 401-770-3037
1 CVS Drive, Mail Code 2180, Woonsocket, RI 02895

CONFIDENTIALITY NOTICE: This communication and any attachments may contain confidential and/or privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately by email or telephone and destroy all copies of this communication and any attachments.

From: Tucci, Marti <Marti.Tucci@sedgwick.com>
Sent: Friday, February 24, 2023 12:34 PM
To: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Cc: Taskov, Bonnie <Bonnie.Taskov@Sedgwick.com>; Riley, Bill <Bill.Riley@Sedgwick.com>
Subject: [EXTERNAL] FW: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

**** External Email - Use Caution ****

---

Hi Deanna,

The attorney sent over the demand.

Thanks,

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts®

From: Narine Mkrtchyan <narine56@msn.com>
Sent: Friday, February 24, 2023 10:10 AM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good morning, Marti.

Here is our demand statement for CVS pharmacy. Thanks.

Narine Mkrtchyan
Attorney at Law
MKRTCHYAN LAW
Tel: (818) 388-7022
Web: www.narinelaw.com

This is a communication between an attorney's office & client, & is protected by the attorney Created by (SCOTTDEA) Scott, Deanna (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 2/23/2023 | SCOTTDEA | SCOTTDEA | Claim | C1 - Client Note with Examiner Diary | |

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Thursday, February 23, 2023 11:13 AM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Cc: Taskov, Bonnie <Bonnie.Taskov@Sedgwick.com>; Riley, Bill <Bill.Riley@Sedgwick.com>
Subject: RE: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021
Importance: High

Thank you Marti, if the demand is not received by Monday 02.27.2023, please complete the suit referral, delete all Sedgwick diaries, and return the file to our office 316 under Lisa G. for reassignment to our litigation team.

Have a great day!
Deanna

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health
p 401-770-3037
1 CVS Drive, Mail Code 2180, Woonsocket, RI 02895

CONFIDENTIALITY NOTICE: This communication and any attachments may contain confidential and/or privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately by email or telephone and destroy all copies of this communication and any attachments.

From: Tucci, Marti <Marti.Tucci@sedgwick.com>
Sent: Thursday, February 23, 2023 9:40 AM
To: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Cc: Taskov, Bonnie <Bonnie.Taskov@Sedgwick.com>; Riley, Bill <Bill.Riley@Sedgwick.com>
Subject: [EXTERNAL] FW: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

**** External Email - Use Caution ****

---

Good Morning Deanna,

I hear back from the plaintiff attorney. See email below.

Thanks and have a great day,

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com

www.sedgwick.com | Caring counts®

From: Narine Mkrtchyan <narine56@msn.com>
Sent: Wednesday, February 22, 2023 7:01 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi, Marti. Sure, I will forward you one as soon as I can get it ready. Thanks

Narine Mkrtchyan Created by (SCOTTDEA) Scott, Deanna (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 2/23/2023 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Email from PA RE: Demand

-Advising DScott of same

From: Tucci, Marti
Sent: Thursday, February 23, 2023 7:36 AM
To: Narine Mkrtchyan <narine56@msn.com>
Subject: RE: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

Good Morning Narine,

Thanks and I will look out for it.

Have a great day,

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts®

From: Narine Mkrtchyan <narine56@msn.com>
Sent: Wednesday, February 22, 2023 7:01 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe

Hi, Marti. Sure, I will forward you one as soon as I can get it ready. Thanks.

Narine Mkrtchyan
Attorney at Law
MKRTCHYAN LAW
Tel: (818) 388-7022
Web: www.narinelaw.com

This is a communication between an attorney's office & client, & is protected by the attorney client privilege &/or is the result of research performed at the request of an attorney & is protected by the attorney work product privilege. Sending an e-mail to an attorney will not establish an attorney/client relationship. Such a relationship is not typically established until an attorney knows that so doing will not create a conflict of interest and mutual agreement is reached on the terms of representation.
The information contained in this email is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. This e-mail and any attachments are covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, are confidential, privileged and not to be read or disclosed to anyone other than the intended recipient. If you are

not the intended recipient or an agent responsible to deliver it to the intended recipient, disclosure, dissemination, copying or other use of the contents of this e-mail is prohibited.

| | | | | | |
|---|---|---|---|---|---|
| 2/21/2023 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Called Plaintiff Attorney @ #818-388-7022

-Acknowledge CN email
-Called PA
-This is direct line to PA
-Got V/M and left message for call back

-Sending email for demand

From: Tucci, Marti
Sent: Tuesday, February 21, 2023 2:34 PM
To: attorney narinelaw.com <attorney@narinelaw.com>
Subject: Sedgwick Claim #402105D0G54-0001 - Burmayan, Anoush - 01/19/2021

Good Afternoon Narine,

Can you forward me a demand for Ms. Burmayan?

Thanks and have a great day,

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts®

| | | | | | |
|---|---|---|---|---|---|
| 2/21/2023 | SCOTTDEA | SCOTTDEA | Claim | ND - Client Note with No Examiner Diary | |

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Tuesday, February 21, 2023 4:26 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>; Taskov, Bonnie <Bonnie.Taskov@Sedgwick.com>
Cc: Riley, Bill <Bill.Riley@Sedgwick.com>
Subject: RE: Complaint Received - FW: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

Good afternoon Marti! Please reach out to the attorney for his demand and please update me as soon as you hear back.

Thank you!
Deanna

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health Created by (SCOTTDEA) Scott, Deanna (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 2/20/2023 | SCOTTDEA | SCOTTDEA | Claim | C1 - Client Note with Examiner Diary | |

Thank you Marti for confirming date of service upon the store. Created by (SCOTTDEA) Scott, Deanna (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 2/20/2023 | MTUCCI | MTUCCI | Claim | CN - Client Contact | |

Hi Deanna,

I called the store and the SM Jack advised that Asst. manager Joe Received on Monday the 2/6.

Thanks,

| | | | | | |
|---|---|---|---|---|---|
| 2/20/2023 | MTUCCI | MTUCCI | Claim | CN - Client Contact | |

Call to Store @ #818-549-2270

- Acknowledge CN note
- Called store to determine the day they were served
- SM Jack and he advised that they were served on Monday the 6th
-He advised Asst. Manager Joe received and did not know what to do
-he advised he sent to Corporate and advised DL when spoke to me on the 9th

| | | | | | |
|---|---|---|---|---|---|
| 2/20/2023 | SCOTTDEA | SCOTTDEA | Claim | ND - Client Note with No Examiner Diary | |

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Monday, February 20, 2023 9:12 AM
To: Atalaryan, Lucy L <Lucy.Atalaryan@CVSHealth.com>
Cc: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Subject: Complaint Filed - Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush Store 9787
Importance: High

Good morning Lucy, hope your Monday is off to a good start!

Our examiner recently shared that the attorney for the claimant filed a complaint on the above noted matter. I am following up with you as it is understood from the store manager he had forwarded the attached documents to you. Kindly forward those documents to my attention at please confirm the date the store was served.

Thanks so much for your help Lucy, much appreciated!

Deanna

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health Created by (SCOTTDEA) Scott, Deanna (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 2/20/2023 | SCOTTDEA | SCOTTDEA | Claim | C1 - Client Note with Examiner Diary | |

Marti, kindly reach out to the store to determine the day they were served. Thank you! Created by (SCOTTDEA) Scott, Deanna (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 2/17/2023 | SCOTTDEA | SCOTTDEA | Claim | ND - Client Note with No Examiner Diary | |

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Friday, February 17, 2023 1:17 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>; Taskov, Bonnie <Bonnie.Taskov@Sedgwick.com>
Cc: Riley, Bill <Bill.Riley@Sedgwick.com>
Subject: RE: Complaint Received - FW: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

Thank you Marti! I will run this by litigation.

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health
p 401-770-3037
1 CVS Drive, Mail Code 2180, Woonsocket, RI 02895

CONFIDENTIALITY NOTICE: This communication and any attachments may contain confidential and/or privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately by email or telephone and destroy all copies of this communication and any attachments.

From: Tucci, Marti <Marti.Tucci@sedgwick.com>
Sent: Friday, February 17, 2023 1:13 PM
To: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>; Taskov, Bonnie <Bonnie.Taskov@Sedgwick.com>
Cc: Riley, Bill <Bill.Riley@Sedgwick.com>
Subject: [EXTERNAL] RE: Complaint Received - FW: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

**** External Email - Use Caution ****

Hi Deanna,

Yes it is. Store did receive and SM advised was given to DL?

Have a great weekend,

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts® Created by (SCOTTDEA) Scott, Deanna (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 2/17/2023 | SCOTTDEA | SCOTTDEA | Claim | ND - Client Note with No Examiner Diary | |

From: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Sent: Friday, February 17, 2023 1:03 PM
To: 'bonnie.taskov@sedgwick.com' <bonnie.taskov@sedgwick.com>
Cc: Marti.Tucci@sedgwick.com; Riley, Bill <Bill.Riley@Sedgwick.com>
Subject: FW: Complaint Received - FW: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

Thank you Bonnie. As Sedgwick does not accept service is this being sent to you as a courtesy?

Deanna Scott | Risk Mgt. General Liability Manager, CVS Health
p 401-770-3037
1 CVS Drive, Mail Code 2180, Woonsocket, RI 02895

CONFIDENTIALITY NOTICE: This communication and any attachments may contain confidential and/or privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify the sender immediately by email or telephone and destroy all copies of this communication and any attachments.

From: Taskov, Bonnie <Bonnie.Taskov@Sedgwick.com>
Sent: Friday, February 17, 2023 11:33 AM
To: Scott, Deanna K. <Deanna.Scott@CVSHealth.com>
Cc: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: [EXTERNAL] Complaint Received - FW: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

**** External Email - Use Caution ****

Deanna: Marti received the attached complaint.

Thank you,

Bonnie Taskov | Liability Claims Team Lead - Assistant
Sedgwick
DIRECT 847.645.0871; FAX 859-264-4068
EMAIL Bonnie.Taskov@sedgwick.com
www.sedgwick.com | Caring Counts

From: attorney narinelaw.com <attorney@narinelaw.com>
Sent: Thursday, February 9, 2023 5:00 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>

Subject: Re: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Here are the complaint documents.

Created by (SCOTTDEA) Scott, Deanna (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 2/17/2023 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |

Investigation (concluded): New LOR rec'd.

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self-checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable to None -EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self-check out. He stated that as they attempted to enforce store policy, that the claimant became very verbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes

Goal: Finalize Claim

Next Steps with dates:

- Response from CN RE: Complaint
- Suit P/W Received from store to Risk?
- Finalize Claim and Liability
- Settle Compromise as applicable

Target date: 30 - 90 day

| | | | | | |
|---|---|---|---|---|---|
| 2/17/2023 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Complaint Received

-Advise SR of same

From: attorney narinelaw.com <attorney@narinelaw.com>
Sent: Thursday, February 9, 2023 5:00 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe

---

Here are the complaint documents.

| | | | | | |
|---|---|---|---|---|---|
| 2/16/2023 | TASKOVB | TASKOVB | Claim | SR - Supervisor | |

We cannot accept service. Please request a courtesy copy of the complaint, advise store to immediately notify you and send a copy should they be served, and notify the client of the filed complaint.

| | | | | | |
|---|---|---|---|---|---|
| 2/15/2023 | MTUCCI | MTUCCI | Claim | RS - Reserve | |

Reserves Are Adequate

| | | | | | |
|---|---|---|---|---|---|
| 2/9/2023 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Email from Plaintiff Attorney

-Called Narine
-Spoke to same and she will forward Complaint
-She advised she filed 1/6/2023

From: attorney narinelaw.com <attorney@narinelaw.com>
Sent: Thursday, February 9, 2023 2:19 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe

---

Hi, Marti. I got your message. We filed the lawsuit. If you wish to accept service for your clients CVS and the employees, please let me know and I will send you the complaint with related documents.
Thanks.

| | | | | | |
|---|---|---|---|---|---|
| 2/9/2023 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |

Investigation (concluded): New LOR rec'd.

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self-checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable to None -EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self-check out. He stated that as they attempted to enforce store policy, that the claimant became very verbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes

Goal: Finalize Claim

Next Steps with dates:

- PA Contact (Medical or Trauma?), TOL
- Suit P/W Received from store to Risk?
- Finalize Claim and Liability
- Settle Compromise as applicable

Target date: 30 - 90 day

| | | | | | |
|---|---|---|---|---|---|
| 2/9/2023 | MTUCCI | MTUCCI | Claim | CN - Client Contact | |

Call to Store @ #818-549-2270

-Requested to speak to SM
-Spoke to Jack and he is the SM
-He advised that a few days ago they received court paperwork
-He is not sure what the paperwork is or was
-They received two days ago
-He will forward to Risk and DL for review and provided Risk email too

| | | | | | |
|---|---|---|---|---|---|
| 2/9/2023 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Called Plaintiff Attorney @ #818-388-7022

- SOL ran 1/19/2023
-No Suit received at this time
-Got V/M and left message

| | | | | | |
|---|---|---|---|---|---|
| 2/9/2023 | TASKOVB | TASKOVB | Claim | SR - Supervisor | |

Agree with the plan - continue your efforts to get the TOL, demand, confirm if any medical / what injuries / damages claimed.
Landlord needs to be named on any settlement release

Reserves. ok

Prior SR notes:
The cases are hard to prove. Liability sounds slim.
Attorney theory of liability: her client was removed from store for no reason
Demand requested from attorney.
Update file with your liability assessment and recommendation as to compromise vs. denial.

| | | | | | |
|---|---|---|---|---|---|
| 1/26/2023 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |

Investigation (concluded): New LOR rec'd.

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive, SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self-checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to

employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable to None -EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self-check out. He stated that as they attempted to enforce store policy, that the claimant became very verbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes

Goal: Finalize Claim

Next Steps with dates:

- PA Contact (Medical or Trauma?), TOL, Demand? F/U if None
- Finalize Claim and Liability
- Settle Compromise as applicable

Target date: 30 - 90 day

| | | | | | |
|---|---|---|---|---|---|
| 1/26/2023 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Called Plaintiff Attorney @ #818-388-7022

- Called Narine
- Got Direct line for Narine
- Got V/M and left message for call back or to set up time to speak

| | | | | | |
|---|---|---|---|---|---|
| 1/26/2023 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Email from PA

From: attorney narinelaw.com <attorney@narinelaw.com>
Sent: Thursday, December 22, 2022 9:35 AM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good morning,

I left you a vm. I apologize not returning your call sooner as I was in trial.
I am available to discuss this later today or tomorrow, as well as next week.
If you would like to set up a specific time to talk, please let me know.

Happy Holidays!

| | | | | | |
|---|---|---|---|---|---|
| 12/8/2022 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |

Investigation (concluded): New LOR rec'd.

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self-checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable to None -EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.

*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self-check out. He stated that as they attempted to enforce store policy, that the claimant became very verbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes

Goal: Finalize Claim

Next Steps with dates:

- PA Contact (Medical For Trauma?), TOL, Demand
- Finalize Claim and Liability
- Settle Compromise as applicable

Target date: 30 - 90 day

| | | | | | |
|---|---|---|---|---|---|
| 12/8/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Called Plaintiff Attorney @ #818-388-7022

-Called PA Narine
-Got V/M and left message

-Want to discuss loss again and TOL

-Will continue to F/U

| | | | | | |
|---|---|---|---|---|---|
| 11/18/2022 | MTUCCI | MTUCCI | Claim | RS - Reserve | |

Reserves Are Adequate

| | | | | | |
|---|---|---|---|---|---|
| 11/11/2022 | TASKOVB | TASKOVB | Claim | SR - Supervisor | |

Landlord needs to be named on any settlement release

Reviewed. SIR and ICER check. OK
AP: OK but please update to follow AP formula.
Medicare: OK
ISO: complete please.

Reserves: ok

Tender: addressed



CVS-00002368

Data/coding: OK

Additional handling: The cases are hard to prove. Liability sounds slim.
Attorney theory of liability: her client was removed from store for no reason
Demand requested from attorney.
Update file with your liability assessment and recommendation as to compromise vs. denial.

| 11/3/2022 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |
|---|---|---|---|---|---|

Investigation (concluded): New LOR rec'd.

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self-checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self-check out. He stated that as they attempted to enforce store policy, that the claimant became very ve rbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes

Goal: Finalize Claim

Next Steps with dates:

- PA Contact (Medical For Trauma?)
- Finalize Claim
- Settle / Deny as applicable

Target date: 30 - 60 day

| | | | | | |
|---|---|---|---|---|---|
| 11/3/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Called Plaintiff Attorney @ #818-388-7022

-Reviewed with SR will continue to monitor and F/u with PA
-Got V/M and left message

| | | | | | |
|---|---|---|---|---|---|
| 10/11/2022 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |

Investigation (concluded): New LOR rec'd.

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive, SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self-checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to

cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self-check out. He stated that as they attempted to enforce store policy, that the claimant became very ve rbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes

Goal: Finalize Claim

Next Steps with dates.

-- Video from 1/13 Incident Received?
- CTC PA as applicable (Medical For Trauma?
- Finalize Claim
- Settle / Deny as applicable

Target date: 30 - 60 days

| | | | | | |
|---|---|---|---|---|---|
| 10/11/2022 | MTUCCI | MTUCCI | Claim | CN - Client Contact | |

Call to Store @ #818-549-2270

-Spoke with SM Jack
-He advised he vaguely remembers and does not have a Trespass Order
-Inquired if there is a 1/13 report re: shoplifting and trespassing and he advised he does not think so they just tell the CM
-He does not remember this far back

| | | | | | |
|---|---|---|---|---|---|
| 10/11/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Call to Plaintiff Attorney

-Advised that I am investigating and awaiting to see if Video available
-Advised that I would like to see if PR was written for 1/13
-She advised that CVS made this up and she advised PR looks fishy
-Inquired if PR was done on 1/13 incident
-She cuts you off and she advised that we are doing our jobs wrong
-She asked if she could speak to EE's involved and I advised cannot accommodate that and again advised that we are doing our jobs wrong
-I even suggested that maybe she could inquire about a 1/13 PR and she advised that she is A civil Trial lawer and she cannot get that and I advised she is a party to the loss
-She just says that her client is right and we are wrong and don't know how to do our job

-Advised I would contact her once I have reviewed 1/13 video and have more info

-Inquired if she would be sending demand if she is demanding settlement for her client and she advised why?

From: attorney narinelaw.com <attorney@narinelaw.com>
Sent: Monday, October 10, 2022 12:09 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Thanks for response and follow-up. I am available to talk tomorrow afternoon any time. Just give me a call sometime after 12 pm our time and I will make myself available. Thanks.

| | | | | | |
|---|---|---|---|---|---|
| 10/7/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Email from PA

From: Tucci, Marti
Sent: Friday, October 7, 2022 3:48 PM
To: attorney narinelaw.com <attorney@narinelaw.com>
Subject: RE: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

Good Afternoon,

Sorry for the late reply. I am available all next week between 7:30am to 3:30pm Mountain Time. What works best for you?

Thanks and have a great weekend,

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts®

From: attorney narinelaw.com <attorney@narinelaw.com>
Sent: Friday, September 30, 2022 5:02 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Good afternoon,

Please, tell me when it is a good time for you next week and I will schedule it. Thanks.

| | | | | | |
|---|---|---|---|---|---|
| 9/30/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Email from PA

From: Tucci, Marti
Sent: Friday, September 30, 2022 3:23 PM
To: 'attorney narinelaw.com' <attorney@narinelaw.com>
Subject: RE: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

Good Afternoon Narine,

Can we set up and date and time for a call?

Thanks,

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts®

From: attorney narinelaw.com <attorney@narinelaw.com>
Sent: Friday, September 23, 2022 8:39 AM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Hello, Marti.

I left you a voice message this week, but have not heard back.
Hope you are well.
I would like to make a demand on CVS, but before then I would like to talk to you.
Thanks.

| | | | | | |
|---|---|---|---|---|---|
| 9/20/2022 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |

Investigation (concluded): New LOR rec'd.

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self-checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self-check out. He stated that as they attempted to enforce store policy, that the claimant became very ve rbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes

Goal: Finalize Claim

Next Steps with dates:

- Plaintiff Attorney Contact RE: RD contact and F/U?
- Video from 1/13 Incident Received?
- Finalize Claim
- Settle / Deny as applicable

Target date: 30 - 60 days

| | | | | | |
|---|---|---|---|---|---|
| 9/20/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Called Plaintiff Attorney @ #818-388-7022

-Received DOL video
-In my file
-Requesting 1/13 video

-Called PA to see re: their F/U with PD
-Got V/M for PA Narine Mkrtchyan, Esq,
-Left detailed message for call back

| | | | | | |
|---|---|---|---|---|---|
| 9/15/2022 | DKARELS | DKARELS | Claim | IT - Intake | |

Video put in closed files

| | | | | | |
|---|---|---|---|---|---|
| 9/7/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Call from PA

-Received call from PA
-Advised video has been archived
-Advised and inquired re: TOL
-She advised that her client was removed from store for no reason
-She advised that I cannot provide EE statement and inquired if she had PR and she did not
-Provided copy of PR and advised prior handling

-Advised wanted to review file in its entirety and get more info and she agreed

-She advised that CM was wearing a Face Mask and that she was just doing some shopping and is regular

-She did advise that CM was wearing mask on the initial incident and noted same per video review

-Requested to see if Denista has video

-She advised she wants to see if the Client did not advise to arrest the CM or was it the PD did that on their own and she will go after PD

-CM has never had prior arrest
-She advised that CM is school therapist and is now seeking therapy on her own

| | | | | | |
|---|---|---|---|---|---|
| 9/7/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Email from PA

- Called Attorney @ #818-388-7022
-Got V/M and left message

-Sending email back for contact to discuss

From: Tucci, Marti
Sent: Wednesday, September 7, 2022 12:23 PM
To: 'attorney narinelaw.com' <attorney@narinelaw.com>
Subject: RE: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

Good Afternoon Narine Mkrtchyan, Esq,

Again, as this file was reassigned to me for handling and the date of loss is 01/19/2021 I would like to obtain more info to address your needs. Please contact me at your earliest convenience so that we can discuss this matter.
Thanking you in advance for you cooperation.

Have a great day,

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts®

From: attorney narinelaw.com <attorney@narinelaw.com>
Sent: Wednesday, September 7, 2022 12:13 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

I am in receipt of your letter but it fails to respond in substance to my letter. Given your lack of response substantively to my requests, my client will not provide a recorded statement nor written statement. She is not required to do so in a pre-litigation attempt to resolve this claim.

As to theory of liability, I am sure the CVS pharmacy is well aware of their exposure, since they have instructed their employees not to speak with our investigators. We attempted to investigate this incident and have given you an opportunity to resolve this claim for injuries. My client has suffered as a result of the actions of the CVS employees and will pursue her remedy in court.

Thanks,

From: attorney narinelaw.com <attorney@narinelaw.com>
Sent: Wednesday, September 7, 2022 12:13 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

I am in receipt of your letter but it fails to respond in substance to my letter. Given your lack of response substantively to my requests, my client will not provide a recorded statement nor written statement. She is not required to do so in a pre-litigation attempt to resolve this claim.

As to theory of liability, I am sure the CVS pharmacy is well aware of their exposure, since they have instructed their employees not to speak with our investigators. We attempted to investigate this incident and have given you an opportunity to resolve this claim for injuries. My client has suffered as a result of the actions of the CVS employees and w ill pursue her remedy in court.

Thanks,

From: attorney narinelaw.com <attorney@narinelaw.com>
Sent: Thursday, September 1, 2022 10:14 AM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>
Subject: Re: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Thanks for reaching out.
Due to Covid, I have a cough and sore throat and cannot talk on the phone.
But for starters, as requested earlier, I need to interview the involved employees and get the video recording from the store.

Can you facilitate this and by when? Time is of the essence here.

Thanks.

| | | | | | |
|---|---|---|---|---|---|
| 9/1/2022 | APPSERV | SYS | Claim | CM - Claimant Contact | |
| Multi State_CVS GL Atty Ack Letter_SMC (Rule#: 44961 Template#: 350875 DCN: 7020220901051900) | | | | | |
| 9/1/2022 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |

Investigation (concluded): New LOR rec'd.

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive, SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self-checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back

and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self-check out. He stated that as they attempted to enforce store policy, that the claimant became very ve rbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes

Goal: Finalize Claim

Next Steps with dates:

- Plaintiff Attorney Contact?
- Finalize Claim
- Settle / Deny as applicable

Target date: 30 - 60 days

| | | | | | |
|---|---|---|---|---|---|
| 9/1/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Taxid: 0
Taxsub: 0
Email Address: attorney@narinelaw.com

| | | | | | |
|---|---|---|---|---|---|
| 9/1/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Taxid: 0
Taxsub: 0
Attorney Name: Narine Mkrtchyan, Esq.

Firm: Mkrtchyan Law
Representing: Anoush Bermayan
Effective: 08/25/22
Address 1: P.O. Box 2288
City: Toluca Lake
Zip: 91610
Phone Number: 818-388-7022

| | | | | | |
|---|---|---|---|---|---|
| 9/1/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Call to Plaintiff Attorney @ #(818) 388-7022

-Got V/m for attorney (Direct Line)
-Left detailed message for call back

-Acknowledge claim reopened and LOR
-Narine Mkrtchyan, Esq.
P.O. Box 2288
Toluca Lake, CA 91610 (818) 388-7022

-Sending acknowledgement letter and email for contact

From: Tucci, Marti
Sent: Thursday, September 1, 2022 9:42 AM
To: attorney@narinelaw.com
Subject: Sedgwick Claim #402105D0G54-0001 - Bermayan, Anoush

Good Morning Narine Mkrtchyan, Esq.,

The above mentioned file was transferred to me for handling. Please contact me at your earliest convenience Monday – Friday from 7:30am to 3:30pm to discuss this matter or can we set up a date and time for call?

I look forward to speaking with you.

Have a great day,

Marti Tucci | Claims Adjuster
Sedgwick
DIRECT 847-645-0628 | EMAIL Marti.Tucci@sedgwick.com
www.sedgwick.com | Caring counts®

| | | | | | |
|---|---|---|---|---|---|
| 9/1/2022 | SCHMIDTD | SCHMIDTD | Claim | SR - Supervisor | |

LOR in. Please review file and respond to CM attorney.

| | | | | | |
|---|---|---|---|---|---|
| 8/23/2022 | SCHMIDTD | SYS | Claim | RS - Reserve | |

Reserve change #4: Decreased $ 1,007.00

| | | | | | |
|---|---|---|---|---|---|
| 8/23/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Email from Plaintiff Attorney

-Received email from PA
-No contact from CM
-CM detained for Trespass Order

From: Marla Brown <socalmab@sbcglobal.net>
Sent: Tuesday, August 23, 2022 2:02 PM
To: Tucci, Marti <Marti.Tucci@sedgwick.com>



CVS-00002378

Subject: Claim No. 402105D0G54-0001 Anoush Burmayan Date of Loss: January 19, 2021

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mr. Tucci:

I no longer represent Ms. Burmayan. I previously sent her your correspondence and advised her of your interest in discussing her claim. Please be advised that Ms. Burmayan's telephone number is: (323) 459-9440

Please contact her directly to discuss this matter.

Thank you

Marla A. Brown

| | | | | | |
|---|---|---|---|---|---|
| 8/12/2022 | APPSERV | SYS | Claim | DN - Denial Reason Narrative | |
| Multi State_CVS Contact Letter No SOL_SMC (Rule#: 44961 Template#: 423556 DCN: 7020220811127827) | | | | | |
| 8/11/2022 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |

Investigation (concluded): LOR rec'd. FNOL

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive, SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self-checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self-check out. He stated that as they attempted to enforce store policy, that the claimant became very v erbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes

Goal: Finalize Claim

Next Steps with dates:

- Plaintiff Attorney Contact? Continue to F/U if none and review loss and needs
- Review to Close?
- Finalize loss
- Settle / Deny as applicable

Target date: 30 - 60 days

| | | | | | |
|---|---|---|---|---|---|
| 8/11/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Call to Plaintiff Attorney @ #310-779-4354

-Called PA to obtain further loss info and TOL
-Got V/M PA Marla and left detailed message for call back

-Sending contact letter to attorney

| | | | | | |
|---|---|---|---|---|---|
| 7/18/2022 | SCHMIDTD | SCHMIDTD | Claim | SR - Supervisor | |

Landlord needs to be named on any settlement release

Reviewed. SIR and ICER check. OK
AP: OK
Medicare: OK
ISO: complete please.

Reserves: ok

Tender: addressed

Data/coding: OK

Additional handling: The cases are hard to prove. Liability sounds slim, but depends on attorney TOL. Keep on diary to obtain same. If any medical treatment change to a BI. Please ISO the CM. May consider a background check.

| | | | | | |
|---|---|---|---|---|---|
| 7/14/2022 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |

Investigation (concluded): LOR rec'd, FNOL

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self-checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self-check out. He stated that as they attempted to enforce store policy, that the claimant became very v erbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes

Goal: Finalize Claim

Next Steps with dates:

- Plaintiff Attorney Contact? Continue to F/U if none and review loss and needs
- Finalize loss
- Settle / Deny as applicable

Target date: 30 - 60 days

| | | | | | |
|---|---|---|---|---|---|
| 7/14/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Call to Plaintiff Attorney @ #310-779-4354

-Called PA to obtain further loss info and TOL
-Got V/M PA Marla and left detailed message for call back

| | | | | | |
|---|---|---|---|---|---|
| 6/16/2022 | APPSERV | SYS | Claim | LG - Legal | |

Change of Examiner_Plaintiff Attorney
(Rule#: 26984 Template#: 305943 DCN: 7020220616048327)

| | | | | | |
|---|---|---|---|---|---|
| 6/16/2022 | EPEARCE | EPEARCE | Claim | C1 - Client Note with Examiner Diary | |

DOL of 1-1-2021 is no longer available for download; could not archive the video. Created by (EPEARCE) Pearce, Ellen (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 6/16/2022 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |

Investigation (concluded): LOR rec'd. FNOL

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self-checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self-check out. He stated that as they attempted to enforce store policy, that the claimant became very v erbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes

Goal: Finalize Claim

Next Steps with dates:

- Plaintiff Attorney Contact? F/U if none and review loss and needs
-Video retention extended?
-Finalize loss
-Settle / Deny as applicable

Target date: 30 - 60 days

| | | | | | |
|---|---|---|---|---|---|
| 6/16/2022 | MTUCCI | MTUCCI | Claim | CN - Client Contact | |

Examiners Miscellaneous Question for Counterpart:

Claim Number: 402105D0G54-0001

Date of Loss: 01/19/2021

Claimant Name: Bermayan, Anoush

Store Number: 9787

Question/Request: Can we continue to archive video? There is a note expired in May. - Thanks

| | | | | | |
|---|---|---|---|---|---|
| 6/16/2022 | MTUCCI | MTUCCI | Claim | CM - Claimant Contact | |

Call to Plaintiff Attorney @ #310-779-4354

-Reviewed notes and handling

-Called PA to obtain further loss info and TOL
-Got V/M and left detailed message for call back

-Sending new examiner / contact letter

-Send request regarding Video to counterpart

| | | | | | |
|---|---|---|---|---|---|
| 6/10/2022 | MTUCCI | MTUCCI | Claim | RS - Reserve | |

Reserves are adequate

| | | | | | |
|---|---|---|---|---|---|
| 5/31/2022 | MTUCCI | MTUCCI | Claim | AP - Action Plan | |

Investigation (concluded): LOR rec'd. FNOL

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self check out. He stated that as they attempted to enforce store policy, that the claimant became very v erbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.

He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes--preservation letter from atty

Goal: Assess claim value/resolve

Next Steps with dates:
- Review loss in its entirely and contact PA

Target date: 30 days

| | | | | | |
|---|---|---|---|---|---|
| 5/31/2022 | CSCHABER | CSCHABER | Claim | SR - Supervisor | |

Bulk reassign file. OK to delete and re-set any past due diaries from prior handler. Please review file including last SR notes and set a logical diary(s) for continued handling as part of your inventory.

| | | | | | |
|---|---|---|---|---|---|
| 3/17/2022 | CSCHABER | CSCHABER | Claim | SR - Supervisor | |

To do/add to ap:
-video preservation will be lost as of May - keep
-demand forthcoming?
-Does AP have any record of a trespass order?
-suggest running ISO
-CM have any medical treatment? What damages are being claimed?

Lien check/ SOL notification requirement:
SOL state

Facts:
Los Angeles, CA
pure Comp
Female of unknown age was arrested while at the store. FNOL was letter from attorney requesting a preservation of evidence

Claimant of unknown age was arrested while in the store. Claimant was asked to leave the store 6 days prior because she would not comply with the mask policy and became verbally abusive.

Video: rec'd - preservation to be addressed
Photo: none

Liability/Reserves:
questionable
If there was no trespass order and she was arrested on that basis, potential for exposure
loss reserve will be low if there is exposure

Coding:
ok

Medicare:
waived on PI

Subro/coverage:
no known tender

ISO:
suggest running ISO

Wt:
no known witnesses

SIR:
labeled

| | | | | | |
|---|---|---|---|---|---|
| 3/14/2022 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |
| Made f/u call to atty, left message | | | | | |
| 3/14/2022 | MAWALTON | MAWALTON | Claim | RS - Reserve | |
| RS is accurate | | | | | |
| 3/3/2022 | MAWALTON | MAWALTON | Claim | AP - Action Plan | |

Investigation (concluded): LOR rec'd. FNOL

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy

regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self check out. He stated that as they attempted to enforce store policy, that the claimant became very v erbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes--preservation letter from atty

Goal: Assess claim value/resolve

Next Steps with dates:
*Assess claim value
Video--archived
*Respond to atty
Target date: within 45 days

| | | | | | |
|---|---|---|---|---|---|
| 12/28/2021 | CSCHABER | CSCHABER | Claim | SR - Supervisor | |

To do/add to ap:
-Does AP have any record of a trespass order?
-suggest running ISO
-CM have any medical treatment? What damages are being claimed?

Lien check/ SOL notification requirement:
SOL state

Facts:
Los Angeles, CA
pure Comp
Female of unknown age was arrested while at the store. FNOL was letter from attorney requesting a preservation of evidence

Claimant of unknown age was arrested while in the store. Claimant was asked to leave the store 6 days prior because she would not comply with the mask policy and became verbally abusive.

Video: rec'd - preservation to be addressed
Photo: none

Liability/Reserves:
questionable
If there was no trespass order and she was arrested on that basis, potential for exposure
loss reserve will be low if there is exposure

Coding:
ok

Medicare:
waived on PI

Subro/coverage:
no known tender

ISO:
suggest running ISO

Wt:
no known witnesses

SIR:
labeled

| | | | | | |
|---|---|---|---|---|---|
| 12/13/2021 | MAWALTON | MAWALTON | Claim | RS - Reserve | |
| RS is accurate | | | | | |
| 12/7/2021 | MAWALTON | MAWALTON | Claim | AP - Action Plan | |

Investigation (concluded): LOR rec'd. FNOL

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive, SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self check out. He stated that as they attempted to enforce store policy, that the claimant became very v erbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes--preservation letter from atty

Goal: Assess claim value/resolve

Next Steps with dates:
*Assess claim value
Video--archived
*Respond to atty
Target date: within 45 days

| | | | | | |
|---|---|---|---|---|---|
| 11/17/2021 | EPEARCE | EPEARCE | Claim | C1 - Client Note with Examiner Diary | |

From: Pearce, Ellen
Sent: Wednesday, November 17, 2021 10:57 AM
To: Walton, Matthew <Matthew.Walton@sedgwick.com>
Cc: 'Gallagher, Heather L (Heather.Gallagher@CVSHealth.com)' <Heather.Gallagher@CVSHealth.com>
Subject: RE: 402105D0G54-0001 Bermayan, Anoush

Hi Matt,

I have archived the video again. Please remember that archiving the surveillance is not a guarantee that the video will be there is 6 months, or even tomorrow. If something happens to the equipment at the store, the video can be lost.

See screenshot below:

Thank you,

Ellen Created by (EPEARCE) Pearce, Ellen (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 11/17/2021 | MAWALTON | MAWALTON | Claim | CN - Client Contact | |

Video Archive request

From: Walton, Matthew
Sent: Wednesday, November 17, 2021 7:35 AM
To: 'Gallagher, Heather L' <Heather.Gallagher@CVSHealth.com>

Subject: 402105D0G54-0001 Bermayan, Anoush

Hi Heather,

I see that we have archived video from DOL 1/19/21 through 11/21/21. Can we extend the archive for this DOL another 6 months??

Please advise

Matthew Walton | Litigation Consultant
Sedgwick
DIRECT 925-988-1162 | EMAIL Matthew.Walton@sedgwick.com

| | | | | | |
|---|---|---|---|---|---|
| 11/17/2021 | MAWALTON | MAWALTON | Claim | CN - Client Contact | |

From: Walton, Matthew
Sent: Wednesday, November 17, 2021 7:35 AM
To: 'Gallagher, Heather L' <Heather.Gallagher@CVSHealth.com>
Subject: 402105D0G54-0001 Bermayan, Anoush

Hi Heather,

I see that we have archived video from DOL 1/19/21 through 11/21/21. Can we extend the archive for this DOL another 6 months??

Please advise

Matthew Walton | Litigation Consultant
Sedgwick
DIRECT 925-988-1162 | EMAIL Matthew.Walton@sedgwick.com

| | | | | | |
|---|---|---|---|---|---|
| 11/10/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |

Responded to attorney that CVS policy not to release video w/o subpoena.
==

From: Walton, Matthew
Sent: Wednesday, November 10, 2021 10:32 AM
To: 'Marla Brown'
Subject: RE: Our client Anoush Burmayan, Date of Loss January 19, 2021 Claim No. 402105D0G54-0001

Hi Marla,

It is CVS policy not to release any internal work product (including video) without a subpoena.

As I stated prior, your client came back to the store on 1/19/21 to confront employees. She did this and initiated this of her own volition. She became argumentative and began filming employees with her phone. Based on her conduct the employees called the police. As she was still in the store near the entrance/exit the police arrived and detained her.
Your client should be able to verify these details.

Thank you

Matthew Walton | Examiner
Sedgwick
DIRECT 925-988-1162 | EMAIL Matthew.Walton@sedgwick.com
www.sedgwick.com | Caring counts®

| | | | | | |
|---|---|---|---|---|---|
| 11/10/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |

Attorney responds attempting to obtain video.

==

From: Marla Brown <socalmab@sbcglobal.net>
Sent: Monday, November 1, 2021 11:47 AM
To: Walton, Matthew <Matthew.Walton@sedgwick.com>
Subject: Our client Anoush Burmayan, Date of Loss January 19, 2021 Claim No. 402105D0G54-0001

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Matthew,

When we spoke a week or so ago we discussed this matter, and I related to you some of the facts as we understand them, and we had forwarded a written summary from Ms. Burmayan.

We are looking into some of your claims, and determining our next steps.

We are always interested in resolving matters, fairly, to avoid unnecessary expense.

Given your remarks about the incident, and our understanding of the event, I am writing to ask you if you will engage in a bit of early disclosure, and allow us to review your security footage of the event from inside and outside the store. As we discussed we understand Ms. Burmayan was exiting the store when she was encountered by police.

As I am sure you understand, if we file suit we will immediately seek discovery of these items. If as you say, the footage supports your claim that Ms. Burmayan was engaged in activities that caused her to be removed from the store, we will be able to consider that in moving forward.

I look forward to your response.

Thank you,

Marla A. Brown

| | | | | | |
|---|---|---|---|---|---|
| 10/13/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |

Spoke with claimant attorney. Went over the case. I asked if she had any demand. She stated not currently. She stated part of her claim is with the police –City of Glendale for the way they treated her client after she was escorted from the store.
She stated that she felt the employees did not need to call the police. I advised that she came back to the store voluntarily to re-engage the employees about the prior incident, she was being verbally confrontational and video taping with her phone.
She states her client posed no threat and stated that the employees did not need to call police.
She will talk with her client and get back to me.

| | | | | | |
|---|---|---|---|---|---|
| 10/11/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |

Called to attorney Marla Brown. Went direct to voicemail. Left another message requesting call back to discuss the claim.

| | | | | | |
|---|---|---|---|---|---|
| 10/6/2021 | CSCHABER | CSCHABER | Claim | SR - Supervisor | |

To do/add to ap:
-police report from 1/31/21 ?
-Does AP have any record of a trespass order?
-suggest running ISO

Lien check/ SOL notification requirement:
SOL state

Facts:
Los Angeles, CA
pure Comp
Female of unknown age was arrested while at the store. FNOL was letter from attorney requesting a preservation of evidence



CVS-00002391

Claimant of unknown age was arrested while in the store. Claimant was asked to leave the store 6 days prior because she would not comply with the mask policy and became verbally abusive.

Video: rec'd - preservation to be addressed
Photo: none

Liability/Reserves:
questionable
If there was no trespass order and she was arrested on that basis, potential for exposure
loss reserve will be low if there is exposure

Coding:
ok

Medicare:
waived on PI

Subro/coverage:
no known tender

ISO:
suggest running ISO

Wt:
no known witnesses

SIR:
labeled

| | | | | | |
|---|---|---|---|---|---|
| 10/4/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |
| Called to atty to discuss case, left message | | | | | |
| 9/10/2021 | MAWALTON | MAWALTON | Claim | RS - Reserve | |
| RS is accurate | | | | | |
| 9/10/2021 | MAWALTON | MAWALTON | Claim | AP - Action Plan | |

Investigation (concluded): LOR rec'd. FNOL

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:
1/13/21 Video:
-12:10 am- Video begins
-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-12:41 am- Claimant is at self checkout with her items. There is a store employee that is talking to her and then watches her check out
-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:
Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back

and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.
*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self check out. He stated that as they attempted to enforce store policy, that the claimant became very v erbally abusive and combative. She was calling them names and being loud.
Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes--preservation letter from atty

Goal: Assess claim value/resolve

Next Steps with dates.
*Assess claim value
Video--archived until 11/21/21
*Respond to atty
Target date: within 45 days

| | | | | | |
|---|---|---|---|---|---|
| 9/10/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |
| Called to atty to discuss, left message | | | | | |
| 7/27/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |

Taxid: 942949989
Taxsub: 0
Attorney Name: Marla A. Brown
Firm: Attorney at Law
Address 1: 2324 South Beverly Glen Boulevard #205
City: Los Angeles

State: CA

Zip: 90064

Phone Number: 310-779-4354

| | | | | | |
|---|---|---|---|---|---|
| 7/27/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |
| LOR rec'd from claimant new counsel | | | | | |
| 7/27/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |

Claimant attorney submits claimant version of events/incident in statement from claimant :

My name is Anoush. I was arrested at my local cvs on 1/19/21.

I have a medical condition and I went to cvs to buy gas x on 1/13/21. It's my local cvs I have been going for 15 years. I know 3 of the workers there. As I went to the cashier to buy my item there was the cashier, plexiglass, and me - no other customer. I was wearing a mask and so was the cashier. I have medical problems of anxiety, ptsd and as I was reaching to get my credit card, I pulled the nose area away because I was having a hard time breathing and also from gastritis attack, I was having which is why I was buying the gas x. I wear my mask but sometimes I have to open my nose part because I have anxiety and can't breathe. The worker was stalking me aisle to aisle. I told him I have a medical condition. Then I went to buy my item and another cashier who is wearing a mask has plexiglas between us and it's just me and no one else at the store. He tells me if I don't close my nose, he's not going to ring my item. So, I take my item to the self-check out and buy it. They call another guy. So, there's 3 guys now ganging up against me and me all alone in the store all because of my nose issue. I did not refuse to wear the mask. I bought my gas x which is the only item I bought at 12:49am I have the receipt.

I thought about it a few days and how unfair it was the harassment and discrimination they did to me, and moving forward if I am to go to the same store, they need to know my condition. Also, I had been going to this store since the beginning of the lockdown and no one ever gave me problems. I went back a few days later to talk to one of the workers there is lady there I know we usually have conversations. Sadly she was not there that night. I go to that cvs A lot and know 3 workers who are nice.
I said I want to talk to the worker and File a complaint. I took pics and video of the workers. The police came and were standing behind me. I had no idea they called the police. They did not tell me. I turned around and one officer started asking me what happened. Very calmly I told him what happened, that I was there a few days before and I tried to buy a gas x and they harassed me even though I was wearing a mask. As I was telling my story, the officer cut me off and told me to turn around and put my hands behind my back and he took out his handcuffs and arrested me. I was in total shock my heart started palpitating, I started having an anxiety attack but I followed orders and complied. I did not want to add problems. I did not understand why he was arresting me. I was not trying to run away, I did not have weapons on me, I was not drunk or on drugs and was not violent-why the handcuffs? Why such rough/ excessive force? He forced me in the car. He shoved me in. I kept asking nicely sir why are you arresting me? I have not done anything wrong. I kept telling him I have a medical conditi on I can't breathe I was yelling in the car. He said he was going to take me to jail and someone can bail me out in the morning. I was terrified when I heard this. The first thing I thought of was my parents and how scared they would be and I did not want to put them through that. Also, I don't even know who I would call for bail. I was very humiliated and degraded. The handcuffs were so tight on me I had pain for two
weeks after.
I've been having recurring nightmares, panic attacks waking up in the middle of the night sweating and my heart palpitating. I haven't slept at all since this incident. I have preexisting conditions that I was getting therapy for and now they have become exasperated as a result. They closed all doors and windows on me for 30 minutes with my mask on and my nose covered. I kept begging and pleading please open the windows I can't breathe. They did not listen. It was 3 male officers. I have never been arrested. I have a clean record. The officer opened the door, got inside and asked for my name. He ridiculed and made fun of me when he found out I'm Armenian. I kept screaming please open a window I can't breathe and he was saying 'do you speak English is that the only word you know?' Then he was making fun of my name saying 'what kind of name is that?' He was racial profiling me. They gave me a citation. I told him I thought you're taking me to jail why did you change your mind-not that I wanted to go to jail. He didn't give me an answer. He said if I don't sign the citation, he's going to take me to jail. He took off my handcuffs made me go outside. He took a picture of me with my mask off as I was crying and humiliated, he was getting a total kick out if it and enjoying the rough treatment. I am a professional with two master's degrees I work as a school psychologist. The first thing I thought about was my future and all those years of hard work. I am in total shock I'm having severe stomach pain from stress. This is discrimination and harassment and illegal. I have a medical condition and waiver. My hands were hurting from the handcuffs. I was screaming and crying so hard they had all the windows closed I thought I was going to die. I asked the officer why did you even bother to ask me my side of the story since you had already made up your mind to arrest me -you didn't even let me finish my story. I asked him aren't you supposed to be on the side of justice? He said 'this cvs calls us nonstop that's why we arrest people right away.' I said then why doesn't the supervisor of the store talk to the workers and find out why they keep calling the police -maybe it's the worker's fault and they need customer service training.' The officer told me to go to another cvs and I can't come back to the same one. He could have told me all this without arresting me and putting handcuffs on me and degrading me and violating me. Shame on him and cvs workers.I want to advocate not only for myself but others around me who are in the sa me situation but are too afraid to speak up. I came from a country that was communist to America the land of the free and in less than a year America has become worse than communist.

| | | | | | |
|---|---|---|---|---|---|
| 7/27/2021 | MAWALTON | MAWALTON | Claim | AP - Action Plan | |

Investigation (concluded): LOR rec'd. FNOL
Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video:

1/13/21 Video:

-12:10 am- Video begins

-12:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on

-12:41 am- Claimant is at self checkout with her items. There is a store employee that is talking to her and then watches her check out

-12:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving

==

1/19/21 video:

Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.

Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.

1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.

Police officer talking to all three. He then takes claimant and places her in handcuffs.

1:31am police officer takes the claimant from the store.

Photos: No

Liability: Questionable--EE state they removed claimant from store / called police in initial incident 1/13/21 as she kept lowering her mask. They asked her to pull mask up to cover her face and they state she became verbally abusive.

Claimant returned 1/19/21 and employees advised she was banned from the store and called police.

*Claimant states she went back to file a complaint related to the prior incident.

EE's called police and had claimant arrested for trespassing.

Per Asst. Manager involved, Joe Johnson. In incident 1/13/21, In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self check out. He stated that as they attempted to enforce store policy, that the claimant became very ver bally abusive and combative. She was calling them names and being loud.

Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.

He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the store. They called police.

Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.

The officer put her in handcuffs and took her from the store.

He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

Reserve adequate? Yes--preservation letter from atty

Goal: Assess claim value/resolve

Next Steps with dates:

*Assess claim value

Video--archived until 11/21/21
*Respond to atty
Target date: within 45 days

| | | | | | |
|---|---|---|---|---|---|
| 7/26/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |
| Requested LOR from claimant new counsel. | | | | | |
| 7/26/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |

New atty representing claimant
=

From: Marla Brown <socalmab@sbcglobal.net>
Sent: Monday, July 26, 2021 12:41 PM
To: Walton, Matthew <Matthew.Walton@sedgwick.com>
Subject: Anoush Burmatan claim no 402105D0G54-0001

Hi Matthew.

I am Ms Burnayans counsel for this matter. I read your email. I will attempt to obtain more concise times she was in the store. Please feel free to contact me.

Marla A Brown
310 779-4354

| | | | | | |
|---|---|---|---|---|---|
| 7/26/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |

Atty is no longer representing claimant.
==

From: Alicia Hubbs <alicia@panoslagoslaw.com>
Sent: Monday, July 26, 2021 12:32 PM
To: Walton, Matthew <Matthew.Walton@sedgwick.com>
Cc: Marla Brown <socalmab@sbcglobal.net>; Panos Lagos <panos@panoslagoslaw.com>; barsottilaw@gmail.com
Subject: RE: Anoush Bermayan CVS claim #402105D0G54-0001

Greetings, Matthew –
Please be advised that Anoush Burmayan is no longer represented by our office.
Her new counsel, copied here, is as follows:
Marla A. Brown
Tel: (310) 779-4354

| | | | | | |
|---|---|---|---|---|---|
| 7/26/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |

Sent f/u to claimant atty regarding video preservation request and add'l evidence.

==

From: Walton, Matthew
Sent: Monday, July 26, 2021 11:09 AM
To: 'panos@panoslagoslaw.com' <panos@panoslagoslaw.com>
Subject: Anoush Bermayan CVS claim #402105D0G54-0001

Mr. Lagos,

Please be advised that Sedgwick handles the liability claims for CVS Pharmacy.

I am following up in regards to the above caption matter.

We are currently investigating this matter. We note you have a video preservation request in this matter for the entire day for both 1/13/21 and 1/19/21 . As that appears excessive, we are requesting the narrowing of that request to the times your client was actually in the store.

Also we are requesting copies of any police report you may have for the initial incident on 1/13/21. If you have any additional evidence such as video taken by your client, we would request that evidence as part of our review.

Thank you for your assistance in this matter.

Matthew Walton | Examiner
Sedgwick
DIRECT 925-988-1162 | EMAIL Matthew.Walton@sedgwick.com

| | | | | | |
|---|---|---|---|---|---|
| 7/12/2021 | DKARELS | DKARELS | Claim | IT - Intake | |

Video put in closed files

| | | | | | |
|---|---|---|---|---|---|
| 7/12/2021 | DKARELS | DKARELS | Claim | IT - Intake | |

Video Review

-2:10 am- Video begins
-2:13 am- Claimant enters the store. Claimant is a female wearing a purple sweater and black pants and has face mask on
-2:41 am- Claimant is at self checkout with her items. There is a store employee that is talking to her and then watches her check out
-2:49 am- Claimant is exits the store. Store employee watches her leave, claimant does turn around before she walks out the door and points and says something to employee and then leaves. Employee walks to the door to make sure the claimant is leaving
-3:22 am- Claimant enters the store and is wearing a mask
-3:25 am- Claimant is animated when talking to store employees and then she starts recording them with her phone
-3:29 am- Cops arrive and arrest the claimant at the front entrance and take her out of the store
-3:59 am- Video ends

| | | | | | |
|---|---|---|---|---|---|
| 7/12/2021 | DKARELS | DKARELS | Claim | IT - Intake | |

Video received

| | | | | | |
|---|---|---|---|---|---|
| 6/28/2021 | CSCHABER | CSCHABER | Claim | SR - Supervisor | |

To do/add to ap:
-2 full days of video preservation requested. Client noted they have been archived
-Follow up with attorney and request the following:
-more reasonable preservation request
-police report from 1/31/21
-any footage CM has of recording store
-Does AP have any record of a trespass order?
-suggest running ISO

Lien check/ SOL notification requirement:
SOL state

Facts:
Los Angeles, CA
pure Comp
Female of unknown age was arrested while at the store. FNOL was letter from attorney requesting a preservation of evidence

Claimant of unknown age was arrested while in the store. Claimant was asked to leave the store 6 days prior because she would not comply with the mask policy and became verbally abusive.

Video: rec'd - preservation to be addressed
Photo: none

Liability/Reserves:
questionable
If there was no trespass order and she was arrested on that basis, potential for exposure
loss reserve will be low if there is exposure

Coding:
ok

Medicare:
waived on PI

Subro/coverage:
no known tender

ISO:
suggest running ISO

Wt:

no known witnesses

SIR:
labeled

| | | | | | |
|---|---|---|---|---|---|
| 6/25/2021 | HGALLAGH | HGALLAGH | Claim | C1 - Client Note with Examiner Diary | |

Video being sent to the examiner.
Camera(s): 1, 5, 14, 15 and 17
Time: 12:10am to 1am Created by (HGALLAGH) Gallagher, Heather (via JurisWeb)

| | | | | | |
|---|---|---|---|---|---|
| 6/24/2021 | MAWALTON | MAWALTON | Claim | CN - Client Contact | |

Video from 1/13/21

Request for Store Supports Email Template
SURVEILLANCE TEMPLATE

Date: 6/24/21
Claim Number: 402105D0G54-0001
Customer Name: Anoush Bermayan
Incident Description: Female customer was in the store and was not wearing mask. EE's asked her to wear mask and she declined and argued with EE's.

Questions for documentation of the incident:
1.Name and title of the store EE who provided the surveillance details. Manager--Edith
2.Was the video was reviewed with the store employee? Yes
3.Did any store employees witness the incident? Yes--AM Joe
4.Was the incident captured on the store's surveillance? Yes
5.Was the customer transported via ambulance from the store location? No
6.Detailed description of the customer and the clothing they were wearing: Female, 30's, purple sweater, black pants
7.Was the customer alone? Yes
8.What time did the customer enter and exit the store? 12:13am/ 12:49am

Video Details for Downloading Surveillance:
Store Number: 09787
DOL: 1/13/21
Cameras Names or Numbers: Front door (#1), ACO (#5), Cosmetics 1 (#14), Cosmetics 2 (#15), Hair (#17)

Download the surveillance:

?Record From: 12:10am (after midnight)

?Record To: 1:00am

Are there any other details or instructions the examiner would like to add? No

| | | | | | |
|---|---|---|---|---|---|
| 6/24/2021 | MAWALTON | MAWALTON | Claim | CN - Client Contact | |

Rec'd call back from SM Edith. She located footage of claimant in the store on the initial incident 1/13/21.

Claimant enters the store (no wearing mask) at 12:13am. --camera #1

She then goes to cosmetics and hair dept. cameras #14, #15, #17

She is seen at self check out at 12:42am.

Exits at 12:49am

She did not see police, but believes they were waiting outside as she can see the two EE's waiting at the door after she exits

| | | | | | |
|---|---|---|---|---|---|
| 6/24/2021 | MAWALTON | MAWALTON | Claim | CN - Client Contact | |

Called back and spoke with SM Edith. I advised that I was looking for any video of the first incident on 1/13/21. Advised that AM Joe had stated this occurred 1/13/21 between 12:20am and 2:30am. She will check video to see if she can find incident and call me back with the info.

| | | | | | |
|---|---|---|---|---|---|
| 6/24/2021 | MAWALTON | MAWALTON | Claim | FN - Financial | |

Invoices from Metro

*Invoice for police report rec'd--$22.00---reviewed and paid

*2nd invoice for initial report (incident 1/13/21) request--$6.00--reviewed and paid

| | | | | | |
|---|---|---|---|---|---|
| 6/22/2021 | MAWALTON | MAWALTON | Claim | IN - Investigation | |

As noted subsequent police incident report on 1/19/21 received.

I attempted to obtain the police report from the original incident on 1/13/21.

Response from Metro rec'd. Police agency responded that this report is only available through court ordered subpoena.

| | | | | | |
|---|---|---|---|---|---|
| 6/15/2021 | MAWALTON | MAWALTON | Claim | AP - Action Plan | |

Investigation (concluded): LOR rec'd. Evidence preservation letter.

Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.

On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video: 1/19/21 video: Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.

Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.

1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.

Police officer talking to all three. He then takes claimant and places her in handcuffs.

1:31am police officer takes the claimant from the store.

Photos: No

Liability: None--Claimant banned from the store due to her behavior. She returned and was arrested for trespassing (again for abusive behavior).

Atty letter does not state pursuing claim. Letter from attorney is preservation letter.

Reserve adequate? Yes--preservation letter from atty

Goal: Obtain store evidence/ police report

Next Steps with dates:
*Obtain store evidence/video
(archived until 11/21/21)
*Respond to atty
Target date: within 45 days

| | | | | | |
|---|---|---|---|---|---|
| 6/15/2021 | MAWALTON | MAWALTON | Claim | RS - Reserve | |

TOTAL RESERVE change #3 Changed from $35.00 to $1,035.00
COMMENTS: Venue: Los Angeles County, CA
Negligence law: Pure
Statute: 2yr BI statute

Facts of Loss: LOR rec'd. Evidence preservation letter.
Per SM, 1/13/21 claimant was in the store a refused to wear a mask. The SM attempted to enforce the policy and requested claimant wear mask. Per SM claimant became verbally abusive and was making a scene in the store. SM called police and claimant was advised not to return to the store.
On 1/19/21 claimant returned to the store. SM advised claimant she was barred from the store and they she was trespassing. Claimant again became verbally abusive. SM called police. Police arrested and cited claimant for trespassing. Cited and released.

Video: 1/19/21 video: Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.
Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.
1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.
Police officer talking to all three. He then takes claimant and places her in handcuffs.
1:31am police officer takes the claimant from the store.

Photos: No

Liability Assessment/Strengths and Weaknesses : None--Claimant banned from the store due to her behavior. She returned and was arrested for trespassing (again for abusive behavior).
Atty letter does not state pursuing claim. Letter from attorney is preservation letter.

Negligence % (CVS) 0%

Coverage/Tender Status: Coverage confirmed/ No tender--CVS EE involved incident

Medicare Beneficiary: TBD

ISO: pending

Injury/Treatment: No injury

Specials (Medical Bills): TBD
a. Billed $TBD
b. Accepted (amount and why - any causation reductions or offsets for adjusted/reduced bills) $

Generals (Pain and Suffering and any permanency (with rating): TBD

Occupation/Wage loss: n/a

Grand total: $ TBD

X Negligence % (CVS) = $

Third party contribution: yes or no and % -

Unusual factors affecting this case:

Why:

Final settlement range: $ TBD

Current Loss Reserve: $ 1,000.00--no apparent claim versus CVS/ evidence preservation

Requested Loss Reserve: $ —

Current Expense Reserve: $ 11--for indexing

Requested Expense Reserve: $ --

Demands/Offers: $ None

Negotiation Strategy:
*Obtain evidence

| | | | | | |
|---|---|---|---|---|---|
| 6/11/2021 | MAWALTON | MAWALTON | Claim | RS - Reserve | |
| TOTAL RESERVE change #2 Changed from $0.00 to $35.00<br>COMMENTS: Added expense reserve for police report expense and indexing | | | | | |
| 6/9/2021 | MAWALTON | MAWALTON | Claim | IN - Investigation | |
| Ordered police report for initial incident 1/13/21<br>Order Confirmation - Request ID# 10221391 | | | | | |
| 6/8/2021 | MAWALTON | MAWALTON | Claim | IN - Investigation | |
| Police report rec'd<br><br>Police report narrative states that the officer responded to the store as a female customer was causing a disturbance an trespassing.<br>States female was banned from the store last week.<br><br>States female was arrested for trespassing. Released with a citation.<br><br>Officer notes states he advised claimant she is no longer allowed at the CVS. If she returned again she would be arrested for trespassing. | | | | | |
| 6/7/2021 | MAWALTON | MAWALTON | Claim | CN - Client Contact | |
| Called back to the store for Edith to see if she could check video on 1/13/21. She has left for the day. | | | | | |
| 5/28/2021 | MAWALTON | MAWALTON | Claim | CN - Client Contact | |
| Spoke with Asst. Manager Joe Johnson. He gave me updated information in the initial incident on 1/13/21.<br>He stated he was not sure the time frame, believes between 12:30am and 2:30am.<br><br>In this incident claimant came in the store and refused to wear a mask. They had advised her of store policy regarding wearing a mask and that mask must be worn and she again refused and proceeded to make purchases at the self check out. He stated that as they attempted to enforce store policy, that the claimant became very verbally abusive and combative. She was calling them names and being loud.<br>Based on her verbal abuse and behavior they told her to leave the store and that she could not come back to the store.<br><br>He stated when they saw her return on 1/19/21, based on the way she treated the EE's prior (verbal abuse) and the fact that they told her she was not allowed in the store, when she entered they told her she could not be in the store. Again claimant became verbally abusive and began videotaping them with her phone. She would not leave the | | | | | |

store. They called police.
Police arrived and they asked the officer to remove her from the store as she would not leave and was being abusive.
The officer put her in handcuffs and took her from the store.
He was not sure if she was arrested, he thought they let her go, was not sure.

He stated that he is not aware any trespass order.

He stated she just was told not to return to the store due to her abusive behavior. When she returned, they asked her to leave. She did not and became abusive again so they called police.

| | | | | | |
|---|---|---|---|---|---|
| 5/26/2021 | DKARELS | DKARELS | Claim | IT - Intake | |
| Video received via Kiteworks. Saved to my computer | | | | | |
| 5/25/2021 | APPSERV | SYS | Claim | CM - Claimant Contact | |
| Multi State_CVS GL Atty Ack Letter_SMC (Rule#: 44961 Template#: 350875 DCN: 7020210524059341) | | | | | |
| 5/25/2021 | MAWALTON | MAWALTON | Claim | CN - Client Contact | |
| Video rec'd<br><br>Video shows claimant entering the store 1:22am. She walks up past the registers and down an aisle. Male EE approaches and appears to recognize her and he points towards the door (appears gesturing that she has to leave store). Another male EE also arrives. The employees appear on their phones (calling police). The claimant is moving back and forth in the area around the registers gesturing toward the employees and taking out her phone and is recording the employees.<br>Claimant continues gesturing at the employees. She walks toward the front door and stand inside and still is using her phone to record employees.<br>1:29am police officer arrives. Claimant shows offices piece of paper (possibly trespass citation) and points towards employees again.<br>Police officer talking to all three. He then takes claimant and places her in handcuffs.<br>1:31am police officer takes the claimant from the store. | | | | | |
| 5/25/2021 | HGALLAGH | HGALLAGH | Claim | C1 - Client Note with Examiner Diary | |
| Video being sent to the examiner through kiteworks.<br>Camera(s): 1, 3 and 5<br>Time: 1am to 2am Created by (HGALLAGH) Gallagher, Heather (via JurisWeb) | | | | | |
| 5/24/2021 | MAWALTON | MAWALTON | Claim | CN - Client Contact | |
| Request for Store Supports Email Template<br>SURVEILLANCE TEMPLATE<br><br>Date: 5/24/21<br>Claim Number: 402105D0G54-0001<br>Customer Name: Anoush Bermayan<br>Incident Description: Female subject who was banned from the store for prior shoplifting entered the store again on 1/19/21 and was then arrested for trespassing.<br><br>Questions for documentation of the incident:<br>1.Name and title of the store EE who provided the surveillance details: Manager--Edith<br>2.Was the video was reviewed with the store employee? Yes<br>3.Did any store employees witness the incident? Yes--Guy and Joe<br>4.Was the incident captured on the store's surveillance? Yes<br>5.Was the customer transported via ambulance from the store location? No<br>6.Detailed description of the customer and the clothing they were wearing: Armenian female, dark hair, gray sweats, purple sweater<br>7.Was the customer alone? Yes<br>8.What time did the customer enter and exit the store? Enter--1:22am, exit 1:31am<br><br>Video Details for Downloading Surveillance:<br>Store Number: 09787<br>DOL: 1/19/21<br>Cameras Names or Numbers: Front Door (#1), ACO (#5) and Front Registers (#3)<br><br>Download the surveillance:<br>?Record From: 1:00am | | | | | |

?Record To: 2:00am

Are there any other details or instructions the examiner would like to add? No

| | | | | | |
|---|---|---|---|---|---|
| 5/24/2021 | MAWALTON | MAWALTON | Claim | CN - Client Contact | |

Called and spoke with manager Edith. She gave me the details regarding the second incident with the claimant that occurred 1/19/21. This is the subject of the attorney letter.
In this incident the claimant was arrested by police for trespassing.
An initial incident occurred on 1/13 21 in which claimant was caught shoplifting and was trespassed from the store by store manager.
Claimant then returned on 1/19/21 and caused further incident. Police were called and she was arrested for trespassing on this second incident.

Edith gave me the details and video information for the incident on 1/19/21. She stated that employees working were Guy Garcia and Joe Johnson.
Claimant entered the store 1:22am and the EE's recognized her from the previous incident and told her she could not be in the store. Claimant then gets into verbal argument with the EE's at the front registers. Employee calls police.
Police arrive 1:29pm and claimant is arrested and handcuffed. She is taken from the store by police 1:31pm.

Edith gave me the cameras that this incident can be seen on:
Claimant is Armenian female, dark hair, gray sweats, purple sweater.

She entered 1:22am--camera #1-Front Door. She goes to facial care aisle which is off camera. She then can be seen at the front arguing with employees on camera #5--ACO and #3 Front Registers. Edith is looking at the video as she is talking to me and advised those are the only cameras claimant can be seen on. They do not have any cameras outside the store.
I will request the video footage that the store manager advised covers the incident.

I asked about the initial incident on 1/13/21. Edith did not have information regarding that incident. She assumes it was the original shoplifting incident and that it involved the same employees Guy and Joe. She will speak with them (they work nights) and get me the information and video details regarding the incident and call me back.

| | | | | | |
|---|---|---|---|---|---|
| 5/24/2021 | MAWALTON | MAWALTON | Claim | IN - Investigation | |

Ordered police report through Metro
Order Confirmation - Request ID# 10203111

| | | | | | |
|---|---|---|---|---|---|
| 5/24/2021 | SYS | SYS | Claim | CG - Coverage | |

POLICY TYPE: GL-PI
CARRIER: ACEAIC
POLICY NUMBER: XSLG71564915
INCEPTION DATE: 01/01/2021
EXPIRATION DATE: 12/31/2021
POLICY LIMITS: 4,500,000.00
DEDUCTIBLE AMOUNT: 4,500,000.00
SAVED TO ALL CLAIMS: no
THIRD PARTY COVERAGE: TBD
COMMENTS: Coverage confirmed---store location confirmed

| | | | | | |
|---|---|---|---|---|---|
| 5/24/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |

Taxid: 942949989
Taxsub: 0
Attorney Name: Panos Lagos
Firm: Law Offices Of Panos Lagos
Effective: 05/12/21

| | | | | | |
|---|---|---|---|---|---|
| 5/24/2021 | MAWALTON | MAWALTON | Claim | CM - Claimant Contact | |

FNOL is LOR from attorney.
Called to attorney Panos Lagos, left message to call me back.
Sent f/u ack of rep letter to claimant attorney.

| | | | | | |
|---|---|---|---|---|---|
| 5/24/2021 | CSCHABER | CSCHABER | Claim | SR - Supervisor | |

Recommendations – Please conduct an investigation into this matter- secure police report / video and address any insurance and or video preservation made by the attorney. The video is currently available going back to 09.24.2020 and both dates requested have been archived until 11.21.2021.

| | | | | | |
|---|---|---|---|---|---|
| 5/24/2021 | SYS | DKARELS | Claim | CG - Coverage | |

Claim changed
From Plan: 0001 - Self Insured GL & PR
Line: GL - General Liability-Premises
Coverage: -
To Plan: 0001 - Self Insured GL & PR
Line: GL - General Liability-Premises
Coverage: PI - Personal Injury

| | | | | | |
|---|---|---|---|---|---|
| 5/24/2021 | SYS | SYS | Claim | CG - Coverage | |

Claim Policy Number:XSLG71564915
SIR/Deductible for Policy: 4,500,000.00
Limit for Policy: 4,500,000.00

| | | | | | |
|---|---|---|---|---|---|
| 5/24/2021 | SYS | SYS | Claim | RS - Reserve | |

Reserve change # 1: 0.00

| | | | | | |
|---|---|---|---|---|---|
| 5/21/2021 | 800 | 800 | Event | IT - Intake | |

Claim Number: 402105D0G540001
Was The Customer's Injury/Incident Due To A Vaccine? : No
Contact Work Phone: 401-770-3037 Work Ext:
Injured Name: Bermayan, Anoush
Occupation: unk
Loss Location Work Phone: 8185492270 Work Ext:
Is Claim For Damage To CVS Leased Or Owned Property? N
Is This Claim Being Filed To Report Theft? N
Is This Claim Being Filed To Report Damage To A Vehicle? N
Reporters Employee ID unk
ASI_CVS_PHARMACY_RELATED N
Is This Incident Directly Related To Or As A Result Of A Pharmacy Prescription? N
Is There Any Product Involved In This Incident? N
Who At The Location Was The Incident Reported To? unk
Who Inspected The Area? unk
Were Photos Taken Of The Incident? U
On Which Aisle Did The Incident Occur? unk
Was The Claimant Wearing Glasses? U
What Type Of Shoes Was The Claimant Wearing? unk
Was The Claimant Carrying Anything At The Time Of The Incident? U
Who Was The First Responder To The Incident? unk
Reported By: E - Email
Notes/Additional Comments Three identical locations found with provided store number. Choosing the first location as per best practices. -- Did coding as best as possible. Some fields do not have options that suit the incident. Choosing No Physical Injury, as there is no unknown/unclassified option and no injury was reported, only that CM had been detained and issued a citation for trespassing. --- Note from intake email: "Recommendations Please conduct an investigation into this matter- secure police report / video and address any insurance and or video preservation made by the attorney. The video is currently available going back to 09.24.2020 and both dates requested have been archived until 11.21.2021."
Escalation Criteria: NON
Authority Name (Police Dept, Fire Dept, Etc.): Glendale PD
Authority Report Number: 21-788
Call Start Date: 05/21/2021

| | | | | | |
|---|---|---|---|---|---|
| 5/21/2021 | 800 | 800 | Event | IT - Intake | |

Claim Number: 402105D0G540001
Event Description: CM was involved in a theft incident on 01/13/2021 and was banned from the store. CM returned to the store on 01/19/2021 and was detained for trespassing. CM was issued a citation by Glendale Police Department, citation #1084286. CM has sought legal representation and The Law Offices of Panos Lagos has sent a letter requesting video surveillance evidence be preserved for both of the above mentioned dates. Client stated video evidence for both days have been retained and will be archived until 11/21/2021.

| | | | | | |
|---|---|---|---|---|---|
| 5/21/2021 | 800 | 800 | Event | IT - Intake | |
| Claim Number: 402105D0G540001<br>GL Intake Notes:<br>Injured Party Medical Treatment Provided?: U<br>Injured Party Admitted to Hospital?: | | | | | |
| 5/21/2021 | 800 | 800 | Event | IT - Intake | |
| Claim Number: 402105D0G540001<br>Fields Assigned: Location: 1 Plan: 1 Line: 1 Excess: 24 Ex-Policy: XSLG71564915 | | | | | |

All 137 Notes have been loaded Reset Your Search