# EXHIBIT S

**Jess M. Gray**

**From:** Narine Mkrtchyan <narine57@gmail.com>
**Sent:** Thursday, September 11, 2025 9:23 AM
**To:** Leilani L. Jones
**Cc:** Narine Mkrtchyan; attorney@narinelaw.com; Tiffani Engstrom; Jess M. Gray
**Subject:** Re: Burmayan v. CVS | LR 7-3 Pre-Filing Conference of Counsel

Counsel,

For starters, Plaintiff's amendment is not prejudicial or untimely given defendants have obtained an order for another session of deposition for Plaintiff. You have also demanded multiple continuances for MSJ filing pending Plaintiff's continued deposition indefinitely prolonging this case. Plaintiff has already plead the Unruh Act against CVS Pharmacy, on the predicate violation under the ADA Title III. See First Amended Complaint, paragraph 30. Rios v. N.Y. & Co. 2:17-cv-04676-ODW(AGRx) See below.

As such, the amendment of adding ADA Title III against CVS is more symbolic because the violation is subsumed under the Unruh Act. Court has discretion to amend the pleadings with good cause up until the time of trial and we do not have a trial date, nor are your clients prejudiced by the amendment, given the well-pleaded First Amended Complaint. If Plaintiff factually proves violation of the ADA rights, she has a cognizable relief under the Unruh Act regardless whether she plead the Title III. Therefore, I do not see why you are objecting to the amendment necessitating a motion.

Next issue, the City is requesting another continuance of the MSJ filing deadline given the late filing of their motion to compel, and Plaintiff's request for accommodating her scheduling conflicts. Unless CVS also agrees to the continuance, there is no point for me to agree to piecemeal MSJ filings as it places an undue burden and costs on Plaintiff.

Because a violation of any right under the
ADA is, per se, a violation of the Unruh Act, the
brick-and-mortar store, so long as the plaintiff
establishes a nexus between the online services
Court begins its analysis by determining whether
Plaintiff adequately pleads a violation of the ADA.
and the physical place. Id. Here, Plaintiff alleges
that he was unable to visit Defendant's physical
locations because of his inability to utilize
See Cal. Civ. Code § 51(f) ("[a] violation of the
Defendant's website. (See Compl. ¶ 16.)
right of any individual under the [ADA] . . . shall
Within the meaning of the ADA, discrimination
5
also constitute a violation of this section."); see *5
occurs when an individual with a disability is
also Reed v. CVS Pharmacy, Inc., No. CV 17-

denied the opportunity to benefit from the services
3877-MWF (SKx), 2017 WL 4457508, at *2
of a place of public accommodation, or is offered
(C.D. Cal. Oct. 3, 2017) (same).

MKRTCHYAN LAW
655 N. Central Ave, Suite 1700
Glendale, CA 91203
Tel: (818) 388-7022
Web: www.narinelaw.com

This is a communication between an attorney's office & client, & is protected by the attorney client privilege &/or is the result of research performed at the request of an attorney & is protected by the attorney work product privilege. Sending an e-mail to an attorney will not establish an attorney/client relationship. Such a relationship is not typically established until an attorney knows that so doing will not create a conflict of interest and mutual agreement is reached on the terms of representation.
The information contained in this email is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. This e-mail and any attachments are covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, are confidential, privileged and not to be read or disclosed to anyone other than the intended recipient. If you are not the intended recipient or an agent responsible to deliver it to the intended recipient, disclosure, dissemination, copying or other use of the contents of this e-mail is prohibited.

On Wed, Sep 10, 2025 at 5:01 PM Leilani L. Jones <LLJ@paynefears.com> wrote:

> Narine:
>
> We will oppose Plaintiff’s late and untimely attempt to amend. We remain available for the requisite conference at the times previously disclosed:
>
> - Thursday 9/11 at 3pm
> - Friday 9/12 at 9:30 a.m.
> - Friday 9/12 at 2:00 p.m.
>
> Best,
>
> Lani

**Leilani Jones**

Partner

PAYNE & FEARS

PAYNE & FEARS LLP • 4 Park Plaza, Suite 1100, Irvine, CA 92614

Direct 949.797.1217 • Main 949.851.1100 • Fax 949.851.1212

www.paynefears.com • email: llj@paynefears.com

---

**From:** Narine Mkrtchyan <narine57@gmail.com>
**Sent:** Wednesday, September 10, 2025 1:23 PM
**To:** Leilani L. Jones <LLJ@paynefears.com>
**Cc:** Narine Mkrtchyan <narine56@msn.com>; attorney@narinelaw.com; Tiffani Engstrom <TENGSTROM@paynefears.com>; Jess M. Gray <jgray@paynefears.com>
**Subject:** Re: Burmayan v. CVS | LR 7-3 Pre-Filing Conference of Counsel

Counsel,

This is also to place Defendants on notice that Plaintiff intends to file an amended complaint amending and adding the ADA claim against the CVS pharmacy in the First Amended Complaint.

Under FRCP Rule 15 amendments are liberally granted in the interests of justice. The case has been stayed for a while, due to Plaintiff's disability and as such no further discovery was done until recently where defendant City has renewed its request for Plaintiff's deposition. Therefore, the amendment is timely before trial and defendants' anticipated motion for summary judgment. It is not futile, as the ADA claim is already alleged in the Complaint against defendant City. The only amendment would be to add the CVS to this cause of action. It is not prejudicial to defendants because Plaintiff's disability was alleged in the First Amended Complaint and facts were introduced at depositions. Plaintiff's disability is an ongoing issue in the case and is the crux of this case.

Please, let me know if you intend to oppose to this amendment.

Thanks.

**Narine Mkrtchyan**
Attorney at Law

MKRTCHYAN LAW

655 N. Central Ave, Suite 1700

Glendale, CA 91203

Tel: (818) 388-7022

Web: www.narinelaw.com

This is a communication between an attorney's office & client, & is protected by the attorney client privilege &/or is the result of research performed at the request of an attorney & is protected by the attorney work product privilege. Sending an e-mail to an attorney will not establish an attorney/client relationship. Such a relationship is not typically established until an attorney knows that so doing will not create a conflict of interest and mutual agreement is reached on the terms of representation.
The information contained in this email is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. This e-mail and any attachments are covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, are confidential, privileged and not to be read or disclosed to anyone other than the intended recipient. If you are not the intended recipient or an agent responsible to deliver it to the intended recipient, disclosure, dissemination, copying or other use of the contents of this e-mail is prohibited.

---------- Forwarded message ---------
From: **Leilani L. Jones** <LLJ@paynefears.com>
Date: Wed, Sep 10, 2025 at 11:16 AM
Subject: RE: Burmayan v. CVS | LR 7-3 Pre-Filing Conference of Counsel
To: Narine Mkrtchyan <narine57@gmail.com>

Cc: Narine Mkrtchyan <narine56@msn.com>, attorney@narinelaw.com <attorney@narinelaw.com>, Tiffani Engstrom <TENGSTROM@paynefears.com>, Jess M. Gray <jgray@paynefears.com>

Hi Narine:

There is no requirement under Local Rule 7-3 to provide a "comprehensive letter." The purpose of the rule is to schedule a conference to thoroughly discuss the substance of the contemplated motion and explore potential resolution. For your reference, here is the exact text of the Rule:

- "Counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"

Please let me know your availability for a conference. It is not appropriate to withhold availability for a call based on a request for a "comprehensive letter," as no such requirement exists under the Rule.

I am available at the following times:

- Thursday 9/11 at 3pm
- Friday 9/12 at 9:30 a.m.
- Friday 9/12 at 2:00 p.m.

Best,

Lani

**Leilani Jones**

Partner

PAYNE & FEARS

PAYNE & FEARS LLP • 4 Park Plaza, Suite 1100, Irvine, CA 92614

Direct 949.797.1217 • Main 949.851.1100 • Fax 949.851.1212

www.paynefears.com • email: llj@paynefears.com

---

**From:** Narine Mkrtchyan <narine57@gmail.com>
**Sent:** Wednesday, September 10, 2025 10:22 AM
**To:** Leilani L. Jones <LLJ@paynefears.com>
**Cc:** Narine Mkrtchyan <narine56@msn.com>; attorney@narinelaw.com; Tiffani Engstrom <TENGSTROM@paynefears.com>; Jess M. Gray <jgray@paynefears.com>
**Subject:** Re: Burmayan v. CVS | LR 7-3 Pre-Filing Conference of Counsel

Counsel,

First, your letter does not even come close to meeting the standard of Rule 7-3. You are making conclusory statements without any legal or factual analysis. As such, this is not proper effort. I cannot address your conclusory statements void of any real argument without knowing further your contentions. It appears, you have not even articulated either your legal arguments or factual ones. We have done multiple depositions of both Plaintiff and defendants, as well as non-party witnesses. At those depositions, Plaintiff has proven her claims that she was harassed by individuals who were neither trained under CVS own policy on face mask compliance, nor were complying with the state law that exempted certain individuals from wearing masks. As such, it subjects the CVS and its employees to punitive damages for willful failure to train their employees to comply with their own policies. Furthermore, CVS spoliated evidence of certain video clips not helpful to their case and that is in of itself sufficient to deny summary judgment.

I request you comply with Local Rule and send me a more articulate letter inviting to meet and confer with legal arguments on the standards.

I will also reserve the right to ask for Rule 11 sanctions for filing any frivolous motions forcing Plaintiff to undergo this process and spending resources. You are filing a boilerplate motion in hopes to further delay resolution of this case, by forcing Plaintiff to spend more attorney time and costs.

Furthermore, Plaintiff will reserve the right to file a cross-motion for summary judgment asking the Court to rule in her favor based on the factual circumstances.

Therefore, I will be waiting for a more comprehensive letter detailing your arguments and factual points before we can discuss any further.

Thanks.

**Narine Mkrtchyan**
Attorney at Law

MKRTCHYAN LAW

655 N. Central Ave, Suite 1700

Glendale, CA 91203

Tel: (818) 388-7022

Web: www.narinelaw.com

This is a communication between an attorney's office & client, & is protected by the attorney client privilege &/or is the result of research performed at the request of an attorney & is protected by the attorney work product privilege. Sending an e-mail to an attorney will not establish an attorney/client relationship. Such a relationship is not typically established until an attorney knows that so doing will not create a conflict of interest and mutual agreement is reached on the terms of representation.
The information contained in this email is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. This e-mail and any attachments are covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, are confidential, privileged and not to be read or disclosed to anyone other than the intended recipient. If you are not the intended recipient or an agent responsible to deliver it to the intended recipient, disclosure, dissemination, copying or other use of the contents of this e-mail is prohibited.

On Mon, Sep 8, 2025 at 8:15 AM Leilani L. Jones <LLJ@paynefears.com> wrote:

Narine:

I'm renewing our request to meet and confer regarding the CVS Defendants' anticipated motion for summary judgment. As previously noted, CVS intends to move for summary judgment on all of Plaintiff's claims against CVS:

- **Bane Act**: this claim is subject to summary adjudication because there is no evidence of actionable "threats, intimidation, or coercion" nor specific "intent" to violate a right.
- **Unruh Act**: this claim is subject to summary adjudication because there is no evidence of intentional discrimination
- **42 USC 1981**: this claim is subject to summary adjudication because Plaintiff cannot make a prima facie case or prove that CVS's actions were pretextual
- **Punitive Damages**: there is no evidence of oppressive, fraudulent, or malicious intent by an officer, director, or managing agent of CVS.

Please let me know when you are available for a conference call this week, pursuant to Local Rule 7-3.

Best,

Lani

**Leilani Jones**

Partner

PAYNE & FEARS

PAYNE & FEARS LLP • 4 Park Plaza, Suite 1100, Irvine, CA 92614

Direct 949.797.1217 • Main 949.851.1100 • Fax 949.851.1212

www.paynefears.com • email: llj@paynefears.com

---

**From:** Leilani L. Jones
**Sent:** Friday, June 27, 2025 5:54 PM
**To:** Narine Mkrtchyan <narine56@msn.com>; Narine Mkrtchyan <narine57@gmail.com>; attorney@narinelaw.com
**Cc:** Tiffani Engstrom <TENGSTROM@paynefears.com>; Jess M. Gray <jgray@paynefears.com>
**Subject:** RE: Burmayan v. CVS | LR 7-3 Pre-Filing Conference of Counsel

Hi Narine:

Our letter was sent in good faith to initiate the meet and confer process under Local Rule 7-3. Given that the parties have discussed the anticipated motion for summary judgment on multiple occasions—including in connection with stipulations to continue deadlines and the currently pending *ex parte* application—it should come as no surprise that Defendants intend to proceed with filing. We remain available to meet and confer by phone or video at your earliest convenience.

We also acknowledge Plaintiff's reservation of rights to file a cross-motion for summary judgment. As the current filing deadline is July 3, we are happy to confer regarding both motions and are prepared to discuss the anticipated substance of each.

With respect to your concern that our email lacked sufficient detail, we respectfully disagree. Nonetheless, we are willing to elaborate further during the conference. In short, our position is that there is no evidence of intentional discrimination based on disability or race, which is required to support claims under the Bane Act, the Unruh Act, and 42 U.S.C. § 1981, the three causes of action asserted against CVS. We also contend that Plaintiff has not established the existence of a qualifying disability, and that the store-level employees involved are not "managing agents" under California law for purposes of punitive damages.

Please let us know your availability for a conference call. I am available Monday between 10:00 and 11:00 a.m., or after 2:30 p.m.

Lani

**Leilani Jones**

Partner

PAYNE & FEARS

PAYNE & FEARS LLP • 4 Park Plaza, Suite 1100, Irvine, CA 92614

Direct 949.797.1217 • Main 949.851.1100 • Fax 949.851.1212

www.paynefears.com • email: llj@paynefears.com

---

**From:** Narine Mkrtchyan <narine56@msn.com>
**Sent:** Friday, June 27, 2025 10:13 AM
**To:** Leilani L. Jones <LLJ@paynefears.com>; Narine Mkrtchyan <narine57@gmail.com>; attorney@narinelaw.com
**Cc:** Tiffani Engstrom <TENGSTROM@paynefears.com>; Jess M. Gray <jgray@paynefears.com>
**Subject:** Re: Burmayan v. CVS | LR 7-3 Pre-Filing Conference of Counsel

Counsel, your invitation does not comply with Local Rule 7-3, requiring a conference to take place at least 7 days before filing deadline. I just received this yesterday, your letter just states conclusions that Plaintiff does not have proof, without providing substantive points as to why you believe Plaintiff has not proven her case despite all the evidence she unearthed at multiple depositions of defendants. As such, I cannot properly address your letter. This does not put Plaintiff on any notice of the substance of your motion. Plaintiff also reserves the right to file her own motion for summary judgment against defendants in support of her allegations that as a disabled person she was refused accommodations.

"The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. Failure to include such a declaration may result in the motion being denied."

Narine Mkrtchyan

Attorney at Law

**MKRTCHYAN LAW**

655 N. Central Ave, Suite 1700

Glendale, CA 91203

Tel: (818) 388-7022

Web: www.narinelaw.com

This is a communication between an attorney's office & client, & is protected by the attorney client privilege &/or is the result of research performed at the request of an attorney & is protected by the attorney work product privilege. Sending an e-mail to an attorney will not establish an attorney/client relationship. Such a relationship is not typically established until an attorney knows that so doing will not create a conflict of interest and mutual agreement is reached on the terms of representation.

The information contained in this email is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. This e-mail and any attachments are covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521, are confidential, privileged and not to be read or disclosed to anyone other than the intended recipient. If you are not the intended recipient or an agent responsible to deliver it to the intended recipient, disclosure, dissemination, copying or other use of the contents of this e-mail is prohibited.

---

**From:** Leilani L. Jones <LLJ@paynefears.com>
**Sent:** Thursday, June 26, 2025 3:30 PM
**To:** Narine Mkrtchyan <narine57@gmail.com>; attorney@narinelaw.com <attorney@narinelaw.com>
**Cc:** Tiffani Engstrom <TENGSTROM@paynefears.com>; Jess M. Gray <jgray@paynefears.com>
**Subject:** Burmayan v. CVS | LR 7-3 Pre-Filing Conference of Counsel

Narine:

Pursuant to Local Rule 7-3, please let me know when you are available within the next week for a pre-filing conference of counsel regarding CVS's anticipated motion for summary judgment or, in the alternative, summary adjudication of issues. We're aware there's a pending request to continue those dates but, if not granted, will proceed to file.

CVS intends to move for summary judgment on all of Plaintiff's claims against CVS:

- **Bane Act**: this claim is subject to summary adjudication because there is no evidence of actionable "threats, intimidation, or coercion" nor specific "intent" to violate a right.
- **Unruh Act**: this claim is subject to summary adjudication because there is no evidence of intentional discrimination
- **42 USC 1981**: this claim is subject to summary adjudication because Plaintiff cannot make a prima facie case or prove that CVS's actions were pretextual
- **Punitive Damages**: there is no evidence of oppressive, fraudulent, or malicious intent by an officer, director, or managing agent of CVS.

Thank you,

Lani

**Leilani Jones**

Partner

PAYNE & FEARS

PAYNE & FEARS LLP • 4 Park Plaza, Suite 1100, Irvine, CA 92614

Direct 949.797.1217 • Main 949.851.1100 • Fax 949.851.1212

www.paynefears.com • email: llj@paynefears.com