# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 31

**22STCV03083** March 13, 2023
**PETER N. YAYA vs NOWHERE PARTNERS CORP.** 8:30 AM

Judge: Honorable Yolanda Orozco
Judicial Assistant: H. Garcia
Courtroom Assistant: T. de la Paz

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Peter N. Yaya (via LaCourtConnect)

For Defendant(s): Maurice Wainer (via LaCourtConnect)

**NATURE OF PROCEEDINGS:** Hearing on Demurrer - without Motion to Strike To the Second Amended Complaint

The Court's tentative ruling is posted online for the parties to review.

The matter is called for hearing.

After hearing oral argument, the Court adopts its tentative ruling as the final order of the Court as follows:

The Demurrer - without Motion to Strike To The Second Amended Complaint -[Hrg: 03/13/2023; Res ID: 333283074486] filed by Nowhere Partners, LLC on 12/02/2022 is Sustained with Leave to Amend.

DEMURRER

Defendant's demurrer is SUSTAINED WITH 30 DAYS LEAVE TO AMEND.

BACKGROUND

On January 26, 2022, Plaintiff pro se Peter N. Yaya, filed a Complaint against Defendant Nowhere Partners LLC d/b/a Erewhon Grocery Market; and Does 1 to 20.

The operative Second Amended Complaint (SAC) alleges causes of action for:

1) Civil Rights Violation (against EGM)

2) Assault (against Does 1-20)

3) Battery (against Does 1-20)

4) Intentional Infliction of Emotional Distress (against Does 1-20)

On August 31, 2022, the demurrer to Plaintiff's First Amended Complaint was SUSTAINED WITH LEAVE TO AMEND.

On December 02, 2022, Defendant Nowhere Partners, LLC filed a demurrer without a motion to strike Plaintiff's SAC.

Plaintiff filed opposing papers on February 21, 2022.

MEET AND CONFER

Before filing a demurrer, the demurring party is required to meet and confer with the party who filed the pleading demurred, in person or telephonically, to determine whether an agreement can be reached through a filing of an amended pleading that would resolve the objections to be raised in the demurrer. (Code Civ. Proc. (CCP) § 430.41.)¿

The meet and confer requirement has been met. (Wainer Decl. ¶ 4.)

LEGAL STANDARD

Where pleadings are defective, a party may raise the defect by way of a demurrer.¿ (Coyne v. Krempels (1950) 36 Cal.2d 257, 262.) A demurrer tests the sufficiency of a pleading, and the grounds for a demurrer must appear on the face of the pleading or from judicially noticeable matters. (Code Civ. Proc., § 430.30(a); Blank v. Kirwan (1985) 39 Cal.3d 311, 318.) In evaluating a demurrer, the court accepts the complainant's properly-pled facts as true, and ignores contentions, deductions, and conclusory statements. (Daar v. Yellow Cab Co. (1976) 67 Cal.2d 695, 713; Serrano v. Priest (1971) 5 Cal.3d 584, 591.) Moreover, the court does not consider whether a plaintiff will be able to prove the allegations, or the possible difficulty in making such proof. (Fisher v. San Pedro Peninsula Hospital (1989) 214 Cal.App.3d 590, 604.)

Leave to amend must be allowed where there is a reasonable possibility of successful amendment. (Goodman v. Kennedy (1976) 18 Cal.3d 335, 348.) The burden is on the complainant to show the Court that a pleading can be amended successfully. (Id.)

REQUEST FOR JUDICIAL NOTICE

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 31



Judge: Honorable Yolanda Orozco CSR: None
Judicial Assistant: H. Garcia ERM: None
Courtroom Assistant: T. de la Paz Deputy Sheriff: None

---

The court may take judicial notice of "official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States," "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States," and "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code § 452, subds. (c), (d), and (h).) However, the court may only judicially notice the existence of the record, not that its contents are the truth. (Sosinsky v. Grant (1992) 6 Cal.App.4th 1548, 1565.)

Defendant seeks judicial notice of the following:

1) Exhibit A: Centers For Disease Control and Prevention. "CDC calls on Americans to wear masks to prevent COVID-19 spread." July 14, 2020.

2) Exhibit B: Centers for Disease Control and Prevention. "Improve the Fit and Filtration of Your Mask to Reduce the Spread of COVID-19." April 6, 2021.

3) Exhibit C: Centers for Disease Control and Prevention. "Science Brief: Community Use of Masks to Control the Spread of SARS-CoV-2." December 6, 2021.

4) Exhibit D: Howard, J., et al. "An evidence review of face masks against COVID19." Proceedings of the National Academy of Sciences of the United States of America, December 5, 2020. 118 (4) e2014564118.

5) Exhibit E: State of California Department of Public Health. Memorandum: Guidance for the Use of Face Coverings. June 24, 2021.

6) Exhibit F: County of Los Angeles Department of Public Health. Order of the Health Officer. July 22, 2021.

7) Exhibit G: The Court's Tentative Ruling Granting Defendant's Demurer to Plaintiff's First Amended Complaint.

The Court notes that the incident giving rise to this action occurred on December 29, 2020. (SAC ¶ 9). Accordingly, the Court may properly notice what health guidelines and mandates were issued and enforced at the time of the incident but finds that guidelines and mandates issued after the incident are irrelevant to the disposition of this matter. (See Julian Volunteer Fire Co. Assn.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 31

**22STCV03083** March 13, 2023
**PETER N. YAYA vs NOWHERE PARTNERS CORP.** 8:30 AM

Judge: Honorable Yolanda Orozco CSR: None
Judicial Assistant: H. Garcia ERM: None
Courtroom Assistant: T. de la Paz Deputy Sheriff: None

v. Julian-Cuyamaca Fire Protection Dist. (2021) 62 Cal.App.5th 583, 591 [judicial notice of official acts of local, state, and federal government is appropriate].)

Defendant's Exhibit A was released on Tuesday, July 14, 2020, for publication and was published on a government website. (See Wood v. Superior Ct. of San Diego Cnty (2020) 46 Cal. App. 5th 562, 580 [court may take judicial notice of material from government website].)

Exhibit B was last updated on April 06, 2021, but Defendant offers no evidence that the article had been published at the time of the incident. The Court also finds that the article is irrelevant to the disposition of this matter on its merits. (See American Cemwood Corp. v. American Home Assurance Co. (2001) 87 Cal.App.4th 431, 441, fn. 7 ["Although a court may judicially notice a variety of matters (Evid. Code, §¿450 et seq.), only relevant material may be noticed."] [italics original].)

Exhibit C was updated on December 06, 2021 and is irrelevant to the disposition of this matter.

Exhibit D was published on January 11, 2021 and is irrelevant to the disposition of this matter. Moreover, the information is subject to dispute and incapable of "immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code ¶ 452 subd. (h).)

Exhibit E appears to have been published on June 24, 2021, after the incident and is therefore irrelevant to the disposition of this matter.

Exhibit F was issued on Thursday, July 22, 2021, and went into effect on Thursday, July 22, 2021. Therefore, it is irrelevant to the disposition of this matter.

Accordingly, the Court GRANTS Defendant's request for judicial notice as to Exhibits A and G and DENIES the request as to Exhibits B to F on the grounds of relevance.

Plaintiff seeks judicial notice of the following:

1) Exhibit A: Los Angeles County Department of Public Health Mask Wearing Rules and Recommendations September 23, 2022.

2) Exhibit B: California Department of Public Health Guidance for the Use of Face Masks April 20, 2022.

3) Exhibit C: JAMA Article Medical Masks regarding who should and should not wear masks and when March 4, 2020.

4) Exhibit D: NIH Peer-Reviewed Study Masks for Prevention of Viral Respiratory Infections Among Health Care Workers and the Public: PEER Umbrella Systematic Review July 2020.

5) Exhibit E: The Cochrane Collaboration, Systematic Review of 78 Mask Studies Physical Interventions to Interrupt or Reduce the Spread of Respiratory Viruses October 2022.

Plaintiff's Exhibits A to E were published after the December 29, 2020 incident and are irrelevant to the disposition of this matter. Moreover, Plaintiff fails to articulate why Exhibits D and E are subject to judicial notice as it is a matter subject to dispute and incapable of "immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code ¶ 452 subd. (h).)

Accordingly, the Court DENIES Plaintiff's request for judicial notice.

However, the Court of its own volition takes judicial notice of the Public Order Under City of Los Angeles Emergency Authority, issued on April 07, 2020. (See Evid.Code, § 455, subd. (a); see also Scott v. JPMorgan Chase Bank, N.A. (2013) 214 Cal.App.4th 743, 752 ["the court may take judicial notice on its own volition, Joslin v. H.A.S. Ins. Brokerage (1986) 184 Cal.App.3d 369, 374 [judicial notice on a demurrer allowed even in the absence of a request for judicial notice].)

DISCUSSION

Allegations in SAC

Plaintiff alleges that on or about December 29, 2020, at about 3:30 p.m., at a business located at 7660 Beverly Blvd, Los Angeles, CA 90036-2734, Plaintiff attempted to enter the location, a store, to purchase groceries. (SAC ¶¶ 3, 8.) Plaintiff asserts that he is disabled within the meaning of California Civil Code section 51 subdivision (b)(1) because he has a deviated septum; an impairment that substantially limits one or more major life activities, including functions of the respiratory system. (Id ¶ 9.) Plaintiff asserts that Defendant's employees, including the manager, closed and locked the front doors of the store to prevent Plaintiff from entering. (Id. ¶ 10.) Plaintiff believes he was prevented from entering the store because he was not wearing a face mask and is Caucasian and is perceived to be politically conservative. (Id. ¶ 13.) "Two of the people who were with Plaintiff at the time of incident were wearing MAGA

hats, which Plaintiff is informed and believes caused Defendants to perceive him with contempt as a conservative white man." (Id. ¶ 14.) Plaintiff believes Defendant's policy regarding face mask was not applied neutrally because he was disabled and perceived to be politically conservative. (Id. ¶ 15.)

Plaintiff alleges that employees of Defendant prevented him from entering because Plaintiff witnessed the individuals go into the back room of the store where customers were not allowed to enter, and employees were wearing dark blue collared shirts with name badges. (SAC ¶¶ 11, 12, 18.) Additionally, "the Manager was standing very close to these Employees and holding his hand up in a manner that indicated he was directing the Employees as they were assaulting and battering Plaintiff." (Id. ¶ 18.) Plaintiff asserts that an employee assaulted and battered him when he tried to enter the store and violated his civil rights by preventing him from entering. (Id. ¶ 17.)

Plaintiff also alleges he tried to appeal to the manager by explaining that his disability prevented him from being able to safely wear a mask, but the manager did not respond. (SAC ¶ 19.) Plaintiff was able to enter the store via a gap between the manager and the door frame, but another employee assaulted and battered Plaintiff on his way to retrieve items for purchase. (Id.) Plaintiff believes that the employee who assaulted Plaintiff was taking direction from the manager, as he was wearing a uniform like other employees and had a walkie-talkie earpiece in his ear. (Id. ¶ 20.) Plaintiff's attempts to purchase items were also thwarted by another employee who encouraged other employees working the register to close all registers. (Id. ¶ 21.) Plaintiff filed a police report with the Los Angeles Police Department for assault and battery (case no. 2101:07M08-006). (Id. ¶ 22.)

On December 31, 2020, Plaintiff sent an email to Defendant and asked for appropriate action to be taken, but never received a response. (SAC. ¶ 23.) Plaintiff asserts that the discriminatory denial and subsequent physical actions caused Plaintiff to experience emotional distress. (Id. at ¶ 24.)

Defendant now demurs to Plaintiff's SAC.

1st COA: Violation of Civil Liberties

The Unruh Act provides that:

"All persons within the jurisdiction of [California] are free and equal, and no matter what their ... disability [or] medical condition ... are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind

whatsoever."

(Cal. Civ. Code § 51 subd. (b).)

Plaintiff asserts that his disability makes it difficult to breathe and unsafe to wear a mask. (SAC ¶ 25.) Accordingly, Defendant discriminated against him by "compelling him to curbside pickup items purchased online" rather than allowing him to enter the store in the same manner allowed to the general public. (Id. ¶ 28.) Moreover, Plaintiff would have been denied "full and equal accommodation" had he been required to wear a face shield or allow an employee to shop on his behalf or utilize curbside pickup. (Id. ¶ 37.)

The Public Order Under City of Los Angeles Emergency Authority, issued on April 07, 2020, mandates that all customers and visitors of grocery stores wear face coverings over their noses and mouths. The face-covering requirement extended to all employees who work at businesses that provide essential services and required employers to provide the face coverings at their expense. "Failure to comply with this Order shall constitute a misdemeanor subject to fines and imprisonment." (Public Order April 07, 2020.)

Therefore, Defendant was mandated by the Public Order and had a legitimate business interest that justified imposing limitations on consumer access to its premises by requiring consumers to comply with its Face Covering Policy. (See Harris v. Capital Growth Investors XIV (1991) 52 Cal.3d 1142, 1162 [recognizing that "legitimate business interests may justify limitations on consumer access to public accommodations."] abrogated on other grounds by Munson v. Del Taco, Inc. (2009) 46 Cal.4th 661.) Plaintiff fails to show that Defendant's Face Covering Policy was not neutral.

The SAC does not provide sufficient facts to allege that Defendant's Face Covering Policy was not applied in a neutral manner. By its terms, the Unruh Act "does not extend to practices and policies that apply equally to all persons." (Turner v. Ass'n of Am. Med. Colls. (2008) 167 Cal.App.4th 1401, 1408, citing Cal. Civ. Code § 51(c)).) Here, Plaintiff does not allege sufficient facts to show that Plaintiff's Face Covering Policy was not applied equally to all persons and that he was singled out for disparate treatment. Plaintiff does not allege facts to show that Defendant allowed non-disabled individuals or only individuals of a certain race to enter to store without a face covering. Moreover, Defendant appears to have offered alternatives, such as the use of a face shield or curbside pickup and Plaintiff has not alleged that these alternatives did not constitute a full and equal accommodation, since these alternatives were also available to all members of the general public regardless of race or disability.

Lastly, to establish a violation of the Unruh Act that is independent of a claim under the Americans with Disabilities Act (ADA), the plaintiff must "plead and prove intentional discrimination in public accommodations in violation of the terms of the [Unruh] Act." (Munson, supra, 46 Cal.4th 661, 668 [internal quotation marks omitted]." "The California Supreme Court has clarified that the Unruh Act contemplates 'willful, affirmative misconduct on the part of those who violate the Act' and that a plaintiff must therefore allege, and show, more than the disparate impact of a facially neutral policy." (Greater Los Angeles Agency on Deafness, Inc. v. Cable News Network, Inc. (9th Cir. 2014) 742 F.3d 414, 425 [citation omitted].)

Plaintiff fails to state facts showing that Defendant's enforcement of its Face Covering Policy was willful, affirmative misconduct directed at Plaintiff. However, Plaintiff's opposition states that video evidence exists that an unmasked Asian female and an unmasked black male were allowed to enter. (Yaya Decl. ¶ 4, Ex. K.) Plaintiff's will be allowed to amend his pleading to allege that Defendant's Face Covering Policy was not neutrally applied.

Accordingly, the demurrer to the first cause of action is SUSTAINED WITH LEAVE TO AMEND.

2d, 3d and 4th COAs: Assault, Battery, and Intentional Infliction of Emotional Distress

"The elements of a cause of action for assault are: (1) the defendant acted with intent to cause harmful or offensive contact, or threatened to touch the plaintiff in a harmful or offensive manner; (2) the plaintiff reasonably believed he was about to be touched in a harmful or offensive manner or it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the defendant's conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm. (Citation) The elements of a cause of action for battery are: (1) the defendant touched the plaintiff, or caused the plaintiff to be touched, with the intent to harm or offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the plaintiff was harmed or offended by the defendant's conduct; and (4) a reasonable person in the plaintiff's position would have been offended by the touching." (Carlsen v. Koivumaki (2014) 227 Cal.App.4th 879, 890.)

The tort of intentional infliction of emotional distress is committed when the defendant's conduct is intentionally intrusive and outrageous and has a traumatic effect on the plaintiff's emotional tranquility. (Alcorn v. Anbro Engineering (1970) 2 Cal. 3rd 493, 498.) "[B]ehavior may be considered outrageous if a defendant (1) abuses a relation or position which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that the acts are likely to

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 31

**22STCV03083** March 13, 2023
**PETER N. YAYA vs NOWHERE PARTNERS CORP.** 8:30 AM

Judge: Honorable Yolanda Orozco CSR: None
Judicial Assistant: H. Garcia ERM: None
Courtroom Assistant: T. de la Paz Deputy Sheriff: None

result in illness through mental distress." (Bogard v. Employers Cas. Co. (1985) 164 Cal. App. 3d 606, 616.)

The Court agrees that the SAC is uncertain and ambiguous since Plaintiff fails to distinguish the named Defendant from the Doe Defendant in a manner that would allow Defendant to know which acts it/he/she is alleged to have perpetrated or ratified. Therefore, it is unclear if Plaintiff seeks to hold Defendant Nowhere Partners, LLC vicariously liable for the actions of its employees, or if the second, third, and fourth causes of action are asserted only against the Doe Defendants. (See Guilliams v. Hollywood Hospital (1941) 18 Cal.2d 97, 104 [finding it is "within the discretion of the trial court to require the clarification of uncertainties or ambiguities, or to insist that alternative allegations be restated as direct allegations in separate counts."].)

Furthermore, Plaintiff fails to state sufficient facts to support an inference that all the Doe Defendants that attacked him are employees and agents of Defendant. Plaintiff states he believed employees of the store "closed and locked the front doors of the store to prevent the Plaintiff from entering." (SAC ¶ 10.) Plaintiff states he believed that the employees who closed and locked the front doors were employees of Defendant because "Plaintiff witnessed them go into the back room of the store where customers were not allowed to enter" and "each of the Employees were wearing dark blue collared shirts with name badges, which Plaintiff is informed and believes are the uniform for employees of Defendant." (SAC ¶¶ 11, 12.)

Plaintiff states that Doe #1 is a large black male wearing a blue shirt and yellow mask but does not state if the shirt he was wearing was a blue collared shirt. (SAC ¶ 47.) Doe #2 was "wearing a black shirt with a blue surgical face mask and a black baseball cap." Doe #3 was a light-skinned black male "wearing a gray hooded sweatshirt, a black face mask, and a black beanie hat[.]" (Id.) Plaintiff does not state why he believes Does 2 and 3 are employees of Defendant as his allegations indicate these persons were wearing different type and color of clothing.

Plaintiff does not provide facts as to why he believed Doe #4 is the manager of the store owned by Defendant who failed to call off the employees when the assaulted and battered Plaintiff. (SAC¶ 59.) Plaintiff also states he was "assaulted and battered" by Doe #5 but fails to state facts as to how he was assaulted and battered, or provide sufficient detail regarding clothing to allege that Doe #5 also was an employee of Defendant.

For these reasons, the Court finds that the these causes of action are insufficient to show that the Doe Defendants who attacked Plaintiff are employees and/or agents of Defendant.

Based on the foregoing, the demurrer to the second, third, and fourth cause of action is

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 31

**22STCV03083**
**PETER N. YAYA vs NOWHERE PARTNERS CORP.**

March 13, 2023
8:30 AM

Judge: Honorable Yolanda Orozco
Judicial Assistant: H. Garcia
Courtroom Assistant: T. de la Paz

CSR: None
ERM: None
Deputy Sheriff: None

---

SUSTAINED WITH LEAVE TO AMEND.

CONCLUSION

Defendant's demurrer is SUSTAINED WITH 30 DAYS LEAVE TO AMEND.

Defendant to give notice.